**Sisrow BRINSON, Petitioner,**

v.

**STATE OF FLORIDA, COUNTY OF DADE, and E. Wilson Purdy, Sheriff of Dade County, Respondents.**

**Civ. No. 67–807.**

United States District Court
S. D. Florida.

Sept. 20, 1967.

See also D.C., 269 F.Supp. 747.

Henry A. Edgar, Jr., Miami, Fla., for petitioner.

Roy Wood, Asst. State Atty., Miami, Fla., for respondents.

## OPINION SUPPLEMENTING ORDER

MEHRTENS, District Judge.

Sisrow Brinson filed a petition for writ of habeas corpus with this Court seeking release from his confinement in the Dade County Jail, Miami, Florida.

The petitioner attacks sentences imposed by the Metropolitan Court of Dade County, Florida. After pleas of not guilty, the petitioner was convicted of seven traffic offenses, as follows:

1. Careless driving, Code of Metropolitan Dade County, Florida, § 30–17(a). (Hereinafter, "Code")

2. Leaving the scene of an accident involving personal injuries, Code § 30–154(1).

3. Careless driving, Code § 30–17(a).

4. Leaving the scene of an accident involving personal injuries, Code § 30–154(1).

5. Careless driving, Code § 30–17(a).

6. Leaving the scene of an accident involving personal injuries, Code § 30–154(1).

7. Driving while under the influence of intoxicating liquor, Code § 30–15(b) or (c).

The Code provides penalties for the above-named offenses, as follows:

1. Careless driving: fine not to exceed three hundred dollars or imprisonment in the county jail not to exceed sixty days, or both. Code § 30–17(b).

2. Driving while under the influence of intoxicating liquor: for the first conviction, imprisonment for not less than forty-eight hours nor more than sixty days or by fine of not less than one hundred dollars nor more than five hundred dollars, or both; for the second conviction hereunder within three years of the first, imprisonment of not less than ten days nor more than six months, and, in the court's discretion, a fine of not more than five hundred dollars; and for the third conviction within five years of the first conviction, imprisonment of not less than thirty days nor more than twelve months, and, in the court's discretion, a fine of not more than five hundred dollars.

In addition, if violation of this section results in personal injuries, the minimum fine rises to two hundred fifty dollars, and the minimum imprisonment rises to ten days. This provision of necessity applies to the first offense. Code §§ 30–15(b) and (c).

3. Leaving the scene of an accident involving personal injuries: for the first conviction, imprisonment for not more than sixty days or by fine of not more than five hundred dollars, or both. On a second or any subsequent conviction, imprisonment of not more than one year or by a fine of not more than one thousand dollars, or by both.

The petitioner received sentences upon his convictions below the maximum allowable penalties. For each of the careless driving convictions, he was sentenced to pay a fine of $50.00 or serve five days in the county jail. For each of the convictions for leaving the scene of an accident where personal injuries are involved, he was sentenced to a term of 20 days in the county jail and a fine of $200.00, and in default of payment, an additional term of 20 days. A sentence of 10 days in jail and a fine of $250.00 or an additional term of 25 days was levied on Brinson for driving under the influence of intoxicating liquor. Thus, petitioner was to serve a minimum jail term of 70 days, plus a total of 100 more days if he failed to pay the fines. He began serving his time on April 17, 1967, and, having failed to pay any of the fines, he remained there until this Court ordered his release on September 7, 1967.

On May 24, 1967, petitioner first sought habeas corpus relief in the United States District Court. In his petition Brinson attacked the validity of his sentence on the ground that he was denied the right to appointed counsel at his trial, in violation of the United States Constitution. On June 15, 1967, that petition was denied because the petitioner had failed to exhaust state remedies.

In his second petition, Brinson alleges that he has exhausted his state remedies since the denial of the first federal habeas corpus petition and reasserts that he was denied a constitutional right to appointed counsel. The threshold question is whether state remedies have been exhausted. Petitioner has undisputedly attempted to obtain a state determination regarding his right to counsel. His ultimate effort, a petition for writ of habeas corpus to the Supreme Court of Florida, was denied July 17, 1967. The respondent does not dispute that petitioner's efforts constitute a sufficient exhaustion of state remedies. This Court finds that the comity requirement imposed by Title 28 U.S.C. § 2254 has been satisfied. See McGarrah v.

Dutton, 381 F.2d 161 (5th Cir. July 26, 1967) ; McDonald v. Moore, 353 F.2d 106 (5th Cir. 1965).

■ Petitioner was not advised of a right to counsel at any time during the state prosecution or that an attorney would be appointed to represent him if he could not afford one. The Supreme Court of the United States has determined that indigent defendants in state criminal prosecutions have the right to appointed counsel, unless that right is competently and intelligently waived. Gideon v. Wainwright, 372 U.S. 335, 83 S.Ct. 792, 9 L.Ed.2d 799 (1963). However, that court has not decided whether the Constitution requires the assistance of counsel in a prosecution upon a misdemeanor charge or upon traffic offenses. See, DeJospeh v. Connecticut, 385 U.S. 982, 87 S.Ct. 526, 17 L.Ed.2d 443 (1966) ; Winters v. Beck, 385 U.S. 907, 87 S.Ct. 207, 17 L.Ed.2d 137 (1966).

The Florida Supreme Court has held that an accused is not entitled as a matter of right to state appointed counsel in misdemeanor cases. Watkins v. Morris, 179 So.2d 348 (Fla.1965) ; Fish v. State of Florida, 159 So.2d 866 (Fla.1964).

■ It is my opinion that the right to assistance of counsel applies to state court prosecutions for *serious* offenses, whether they be labeled felonies or misdemeanors. The concept of due process embodied in the Fourteenth Amendment requires counsel for all persons charged with serious crimes. See, opinion of Reed, J., in Uveges v. Commonwealth of Pennsylvania, 335 U.S. 437, 69 S.Ct. 184, 93 L.Ed. 127 (1948). The right to assistance of counsel is determined by the seriousness of the offense, measured by the gravity of the penalty to which the defendant is exposed on any given violation. Such a rule, in my opinion, fully complies with common and fundamental ideas of fairness and constitutional requirements.

■■ In the present case, the petitioner's conviction upon the second offense of leaving the scene of an accident involving personal injuries exposed him to a maximum sentence of imprisonment for one year. The third conviction of the same offense exposed him to the possibility of confinement for an additional year. When a defendant is exposed to possible imprisonment for one year, he is charged with a serious offense. Accordingly, I hold that petitioner was entitled to assistance of counsel in the Metropolitan Court to defend against the two charges aforementioned. The fact that the offense charged was a violation of the Metropolitan Dade County Code, and not termed a felony, is of no consequence. A man who is charged with an offense for which he can spend a year in jail is entitled to assistance of counsel regardless of whether the offense be labeled a felony or a misdemeanor.

Since Gideon v. Wainwright overruled the "special circumstances" test of Betts v. Brady, 316 U.S. 455, 62 S.Ct. 1252, 86 L.Ed. 1595 (1942), regarding right to counsel, the Supreme Court has not explicitly recognized that the existence of the right depends on the seriousness of the penalty in misdemeanor and traffic cases. The concept, however, was utilized by the Supreme Court in the case of In re Gault, 387 U.S. 1, 87 S.Ct. 1428, 18 L.Ed.2d 527 (1967). The case involved a juvenile delinquency proceeding in which Gault was determined to be a "delinquent," with the consequence that he was committed to a state institution. [387 U.S. at 7, 87 S.Ct. 1428] Gault claimed denial of right to counsel in a habeas corpus petition. The Supreme Court held that due process required that Gault receive assistance of counsel because "the issue * * * whether the child [would] be found to be 'delinquent' and subjected to the loss of his liberty for years [was] comparable in *seriousness* to a felony prosecution." [Emphasis added] 387 U.S. at 36, 87 S.Ct. at 1448. The "serious offense" rule, in other words, has been expressly used by the Supreme Court to determine the right to counsel.

In *Gault*, the court cited the recommendations of the President's Crime Commission that counsel in juvenile cases was necessary to orderly justice. That

same Commission, whose members include some of America's most distinguished legal scholars and practitioners, has also studied the problem of right to counsel in misdemeanor and traffic cases. Their recommendation is explicit: "as quickly as possible, * * * counsel [should be provided] to every criminal defendant who faces a *significant penalty,* if he cannot afford to provide counsel for himself." [Emphasis added] The Challenge of Crime in a Free Society: A report by the President's Commission on law enforcement and administration of justice, page 150 (U.S. Government Printing Office, Washington: 1967). The meaning of the recommendation clearly is that all persons charged with a crime, measured by the magnitude of the penalty, should be entitled to counsel. On the other hand, the Commission recommends that "petty charges" should be excluded from coverage. Id. at viii. In federal practice, the distinction between petty offenses and all other crimes, as applied to right to counsel, is well established. The federal standard is found in the Criminal Justice Act of 1964, 78 Stat. 552 (1964), as amended, 18 U.S.C. § 3006A (1964). The 1964 Act divides public offenses into three categories: (1) felonies, (2) misdemeanors, and (3) petty offenses. The Act provides for the appointment of counsel in all cases other than petty offenses. A petty offense is defined as "[a]ny misdemeanor, the penalty for which does not exceed imprisonment for a period of six months or a fine of not more than $500, or both * * *." Title 18 U.S.C. § 1 (1958). Not only are funds not provided for court-appointed attorneys, but no duty is placed upon the United States Commissioner or the court to advise the defendant that he has the right to be represented by counsel. A substantially similar practice would obtain under the proposed Federal Magistrates Act, now under consideration by Congress. Persons charged with crimes other than petty offenses are entitled to assistance of counsel, and in the discretion of the Commissioner, counsel could possibly be appointed for petty offenses. See, Hearings before the Subcommittee on Improvements in Judicial Machinery of the Committee on the Judiciary, United States Senate, page 357, note 183 (U.S. Government Printing Office, Washington: 1967). As applicable to the right to counsel, then, the distinction between petty offenses and other misdemeanors is clearly recognized.

The Fifth Circuit Court of Appeals, however, has held that the constitutional right to counsel extends to even a petty offense. In Harvey v. State of Mississippi, 340 F.2d 263 (5th Cir. 1965), defendant was charged with possession of whiskey. On his plea of guilty, which was taken in a rather non-judicial proceeding one night at the home of a Justice of the Peace, Harvey received the maximum sentence of 90 days and $500. In reversing the conviction, the court said that although the right to counsel had not been expressly extended to misdemeanor charges in state tribunals, nevertheless the failure of notice to Harvey of his right to the assistance of counsel invalidated the guilty plea and his detention thereunder was unconstitutional. The court cited Evans v. Rives, 75 U.S. App.D.C. 242, 126 F.2d 633 (1942), which held that a one-year sentence on a federal charge was invalid because the defendant was not properly advised of his right to assistance of counsel. The court in *Evans* rejected the contention that Sixth Amendment rights apply only to "serious offenses." It is important to note that *Evans* concerned a purely federal matter. Thus, *Evans* would not be authority for rejection of a "serious offense" rule regarding right to counsel in non-felony state cases. As to the merits of the "serious offense" rule, the rejection by *Gideon* of the Betts v. Brady rule, which required "special circumstances" to merit assistance of counsel in non-capital felonies, does not revitalize *Evans* when non-felony state charges are involved.

In Betts v. Brady, 316 U.S. 455, 62 S.Ct. 1252, 86 L.Ed. 1595 (1942), the Supreme Court held that the appointment of counsel at state trials for non-

capital crimes was necessary under Fourteenth Amendment due process only if the failure to appoint counsel "tested by an appraisal of the totality of the facts in a given case [results in a trial which lacks] fundamental fairness shocking to the universal sense of justice." Id. at 462, 62 S.Ct. at 1256.

The Supreme Court, in Gideon v. Wainwright, has explicitly receded from the view that right to counsel depends upon the particular circumstances of any case. The facts of the *Gideon* case, however, as noted by Mr. Justice Harlan, 372 U.S. at 351, 83 S.Ct. 792, 9 L.Ed.2d 799, did not require determination of whether the rule should extend to *all* criminal cases. Therefore, it is doubtful whether Evans v. Rives compelled the Fifth Circuit in *Harvey* to hold that a "serious offense" distinction could not be applied after Gideon to state charges not denominated felonies. *Harvey* may be limited because of the particularly flagrant circumstances involved in the case. A literal reading of the opinion, however, would indicate that the possibility of even a ninety-day jail sentence is a sufficient deprivation of liberty to run afoul of due process unless defendant is given assistance of counsel.

In a very similar case involving a Florida misdemeanor charge, McDonald v. Moore, 353 F.2d 106 (5th Cir. 1965), Judge Jones speaking for the court stated that "this Court has, we think, rejected the 'serious offense' rule. We also think that Gideon has repudiated the Betts v. Brady ad hoc special circumstances rule * * *." Id. at 110. Being of the opinion that *Harvey* controlled the decision due to the similarity of the facts, the *McDonald* case was decided purely on the basis of *stare decisis*. The court, however, did not have the benefit of the Supreme Court's decision in the *Gault* case. It is now evident from *Gault* that the seriousness of the offense charged has direct bearing on the constitutional right to counsel.

▇▇▇▇ Accordingly, this Court holds that the constitutional right to counsel in non-felony cases depends upon the maximum possible penalty under the offense charged, this being the test whether or not a "serious offense" is involved. In order that rights of constitutional stature be uniformly applied, I hold that the minimum offense for which counsel must be provided is one which carries a possible penalty of more than six months imprisonment, which is the line of demarcation drawn in federal practice. In this case, Brinson's second and third conviction of leaving the scene of an accident involving personal injuries must be invalidated since the court failed to notify the defendant of his right to the assistance of counsel.

This Court has not overlooked the contention that if the right to counsel is extended beyond the holding of Gideon to any misdemeanor, that *a fortiori* the right must be extended to all misdemeanors. The right to counsel should not be treated as an abstract theorem, but rather as a means for achieving the most perfect justice possible in a given situation. The essence of the right is to protect those charged with crimes from wrongful conviction. However, that right is qualified by practical exigencies.

If *Gideon* is extended to all misdemeanors, its effect would be profound and create a tremendous economic and administrative burden since only a small minority of states now require appointment of counsel for indigents in misdemeanor cases. The demands upon the bench and bar would be staggering and well-nigh impossible. Such a construction could lead to the appointment of counsel for misdemeanors not normally considered criminal, such as overparking and other petty traffic offenses, jaywalking, dropping trash upon the sidewalk, and like offenses. Further, to hold that the right to court-appointed counsel exists in all misdemeanor cases would in effect also be to hold that the portion of the Criminal Justice Act relating to petty offenses is unconstitutional, since surely the federal courts must be held to the same standards they impose upon the state courts under the Sixth and Fourteenth Amendments.

846

As state actions are concerned, crimes are generally classified only as felonies or as misdemeanors. A definitional problem exists from one state to another state in the labeling of the same offense. What is termed a felony in one state is called a misdemeanor in another. Thus, in some states such as Florida (798.01 F.S.A.) and Arizona, adultery is classed as a felony, but as a misdemeanor in other states such as Kansas. In the instant case the identical charge of leaving the scene of an accident involving personal injuries is classed as a misdemeanor under the Metro Code and as a felony under the Florida Statutes. 317.-071 F.S.A.; Watkins v. Morris, 179 So.2d 348 (Fla.1965). Further illustrating the problem created by an arbitrary felony-misdemeanor classification is that even though a crime be classed as a felony or as a misdemeanor in all states, the possible punishment varies greatly from state to state. Now Jersey designates most crimes as misdemeanors or high misdemeanors, for example, kidnapping punishable by life imprisonment; forcible rape punishable by 30 years imprisonment; robbery punishable by 15 years imprisonment, are all called high misdemeanors. In Delaware there are in excess of 35 statutory misdemeanors punishable by more than one year's imprisonment. Thus, narcotic violations are classified as misdemeanors but are punishable by 10 years imprisonment. In Massachusetts the statutes have been changed at least four times changing crimes from felonies to misdemeanors for purely administrative reasons. Michigan in 1947 designated negligent homicide, until then a felony, a misdemeanor punishable by two years imprisonment and/or $2,000 fine. Under modern legislation many so-called misdemeanors are more dangerous to life and limb than some felonies. Compare felonies such as distilling alcohol in violation of revenue laws with misdemeanors such as reckless driving, leaving the scene of an accident involving personal injuries and driving under the influence of drugs or intoxicating liquor. It therefore appears that the state's characterization of its criminal offenses cannot serve as a valid cut-off point when the right to assigned counsel under the Fourteenth Amendment is equated with the same right under the Sixth Amendment. The line must be drawn somewhere, and taking into consideration procedures that are fair and feasible in the light of present capabilities, I am of the opinion that the "serious offense" or "significant penalty" category is where the line should and must be drawn.

The right to counsel guaranteed by the Sixth and Fourteenth Amendments is not an absolute right, nor are any of the rights guaranteed by the Constitution "absolute." See, Creighton v. State of North Carolina, 257 F.Supp. 806 (E.D.N.C.1966). As stated in that case, the Constitution was not written to provide an exercise in abstract idealism but as a practical guide for the management of the affairs of this country and the protection of the rights of its citizens. In today's complex society there can be no truly "absolute" rights. Thus, the right to free exercise of the religion of one's choice is on its face absolute, but in application is limited since a religion requiring illegal activities would not be constitutionally protected. One cannot refuse to pay taxes because of religious scruples, nor can one engage in polygamy or any other practice directly harmful to the safety, morals, health or general welfare. West Va. State Board of Education v. Barnette, 319 U.S. 624, 63 S.Ct. 1178, 87 L.Ed. 1628 (1942); Late Corporation of the Church of Jesus Christ of Latter Day Saints v. United States, 136 U.S. 1, 10 S.Ct. 792, 34 L.Ed. 478 (1889); Reynolds v. United States, 98 U.S. 145, 25 L.Ed. 244 (1878). The "absolute right" to free speech has been qualified and curtailed by libel and slander laws. Such right, on occasion, must be subordinated to other values and considerations. Dennis v. United States, 341 U.S. 494, 71 S.Ct. 857, 95 L.Ed. 1137 (1950). It does not confer the right to persuade others to violate the law. Bullock v. United States, 265 F.2d 683 (6th

Cir. 1959); cert. den., 360 U.S. 909, 79 S.Ct. 1294, 3 L.Ed. 1260. Neither does such right preclude Congress from excluding obscene matter from the mails or from punishing persons advocating overthrow of the government by force. United States v. Bryan, 83 U.S.App.D.C. 127, 167 F.2d 241; cert. den. 334 U.S. 843, 68 S.Ct. 1511, 92 L.Ed. 1767. Likewise, the "absolute right" to counsel in all criminal prosecutions must be qualified by practical exigencies and, unless this is done, the necessities of sound judicial administration would be disregarded and the administration of justice thrown into senseless chaos.

Even should this Court be in error in basing its holding upon the seriousness of several of the offenses charged, nevertheless the petition for writ of habeas corpus must be granted based on the similarity of the facts herein with those in *Harvey* and *McDonald*. Until these cases are modified by the Fifth Circuit Court of Appeals, they stand as binding authority.

In addition to raising the question of unconstitutional denial of counsel, the petitioner also contends that federal relief should be granted on the grounds that: (1) he was tried and committed without the services of a public defender, such services being required under the Public Defender Section of the Metropolitan Code of Dade County; and (2) his confinement upon failure to pay the $1,000 in fines constituted cruel or unusual punishment and subjected him to involuntary servitude.

Since this Court is of the opinion that the petitioner is entitled to release due to an unconstitutional denial of counsel, it is unnecessary to consider the several other grounds alleged.

For the foregoing reasons, this Court entered its order of September 7, 1967, directing that the petitioner be released and vacating the second and third convictions for leaving the scene of an accident involving personal injuries.