PER CURIAM.
The petitioner for a writ of certiorari here is the County of Dade, State of Florida. The County seeks review of an order of a judge of the Circuit Court of the Eleventh Judicial Ciricuit in and for Dade County, Florida.
The order of the Court recites, in pertinent part, the matters leading to the entry of the order as follows :
“Appellant was convicted of the crime of disorderly conduct by the Dade County Metropolitan Court. He appealed his conviction to this Court. This Court reversed the conviction. After reversal, Appellant sought to have his costs taxed by motion to this Court. This Court denied his motion on the basis of Florida Appellate Rule 3.16.b [32 F.S.A.] which provides that costs shall be taxed in the lower Court. Thereafter, Appellant moved for taxation of his costs in the Dade County Metropolitan Court. This motion was granted, which precipitated Appellee’s petition for review to this Court. * * * ”
The Circuit Court, on petition for review filed by Dade County, taxed costs in the same amount as was taxed by the Metropolitan Court.
The county argues that the order taxing costs against it was a departure from the essential requirements of the law because there is no ordinance, statute, law, or rule of court which authorizes the taxation of costs against the county. It is conceded that there are no provisions in the Dade Home Rule Charter, or any of its ordinances authorizing the imposition of such costs against the county.
Sansom argues that the taxation of such costs permissible under Fla.Stat. § 932.52 (17), F.S.A. This statute is entitled “appeals from municipal courts” and Section (17) provides
“The costs shall be taxed by the circuit court upon the final decision of the appeal and shall be paid by the municipality if the decision on appeal is adverse to it.”
*279 In Dade County v. Saffan, Fla.1965, 173 So.2d 138, 139-140, the Supreme Court of Florida made the following observations concerning this statute:
“First, Section 932.52 by its very terms is not, and was not intended to be, applicable to appeals from the Metro Courts of Dade County. This section governs appeals from municipal courts. The Metro Courts are no more municipal courts than the metropolitan government is a municipal government, or the Home Rule Charter can be said to be a municipal charter.”
and further,
“The Metro Courts were neither visualized nor contemplated when the legislature adopted Section 932.52, they are not municipal courts and therefore Section 932.52 is not applicable to them.”
We are, therefore, constrained to find that there is no Florida statute or Dade County ordinance, which would authorize the taxation of costs against Dade County, in this situation.
Sansom next argues that the taxation of costs is permissible under the authority of County of Dade, State of Florida v. Culver, Fla.App.1968, 215 So.2d 895 and County of Dade, State of Florida v. Haft, Fla.App.1968, 212 So.2d 50.
The Culver opinion authorized the Circuit Court of the Eleventh Judicial Circuit to review the excessiveness of a sentence for conviction of a misdemeanor imposed by the Metropolitan Court of Dade County, Florida. It relied on Section 932.-52(15) Fla.Stat., F.S.A. and the equal protection clause of the constitution of Florida and the United States.
Respondent does not argue any violation of federal or state constitutional standards in the allowance, or disallowance, of the taxation of costs on the reversal of a conviction for a misdemeanor, i. e. disorderly conduct. Culver does not appear to be authority to require the taxation of such costs against the county.
At common law counties were not liable for any costs and their liability for costs depends solely on statutes, [or as here, an ordinance]. 20 C.J.S. Costs § 441; Fairmont Creamery Co. v. State of Minnesota, 275 U.S. 70, 48 S.Ct. 97, 72 L.Ed. 168 (1927).
In Haft, supra, this court held, in obedience to the constitutional requirements of Bloom v. Illinois, 391 U.S. 194, 88 S.Ct. 1477, 20 L.Ed.2d 522 (1968), that a conviction for criminal contempt was a conviction of a crime and that in such case costs could be taxed against the county under the authority of Article XVI, § 9 of the Florida Constitution and Fla.Stat. § 939.15 (1967), F.S.A. It expressly refused to hold that the statute granted authority to assess costs against the county upon reversal by the Circuit Court of any conviction in the Metropolitan Court for violation of an ordinance.
In Boyd v. County of Dade, Fla.1960, 123 So.2d 323, the Supreme Court reiterated a long standing rule that violations of local laws, ordinances and regulations do not constitute crimes.
Such violations may be characterized as “petty offenses”. See Bloom, supra, Duncan v. Louisiana, 391 U.S. 145, 88 S.Ct. 1444, 20 L.Ed.2d 491 (1968). We have found no statute, ordinance, rule of Court, or law which authorizes the taxation of costs against Dade County for reversal on appeal of such conviction. See 5 Am. Jur.2d Appeal & Error § 1009 and 20 Am. Jur.2d Costs § 87. There may be a need for such a law but that is a legislative function.
The petition for writ of certiorari is granted and the order sought to be reviewed is quashed. The cause is remanded to the Circuit Court for the entry of an order in accordance herewith.