236 So.2d 442 (1970)
STATE of Florida ex rel. Jon Richard ARGERSINGER, Petitioner,
v.
Raymond HAMLIN, Sheriff Leon County, Respondent.
No. 39309.
Supreme Court of Florida.
June 3, 1970.
Rehearing Denied July 7, 1970.
*443 J. Michael Shea, Tampa, for petitioner.
Earl Faircloth, Atty. Gen., and Raymond L. Marky, Asst. Atty. Gen., for respondent.
Phillip A. Hubbart, Miami, Ronald K. Cacciatore, Tampa, and Roy T. Rhodes, of Horne, Rhodes, Brown & Stephens, Tallahassee, for The Florida Bar.
Ralph A. Marsicano, Tampa, for Florida League of Municipalities.
Bruce S. Rogow, Miami, amicus curiae.
ROBERTS, Justice.
We have taken original jurisdiction of this habeas corpus proceeding to reexamine our previous decisions in Fish v. State, Fla. 1964, 159 So.2d 866, Watkins v. Morris, Fla. 1965, 179 So.2d 348, and State ex rel. Taylor v. Warden, Fla. 1967, 193 So.2d 606, holding that an indigent defendant is not entitled to court-appointed counsel when accused only of a misdemeanor. It is noteworthy that, since our decision in Fish, the United States Supreme Court has denied certiorari in three cases involving a denial of counsel in misdemeanor cases: Winters v. Beck, 385 U.S. 907, 87 S.Ct. 207, 17 L.Ed.2d 137 (1966); DeJoseph v. Connecticut, 385 U.S. 982, 87 S.Ct. 526, 17 L.Ed.2d 443 (1966); and Heller v. Connecticut, 389 U.S. 902, 88 S.Ct. 213, 19 L.Ed.2d 679 (1967). And we are by no means persuaded that the position we took in Fish, and the reasoning upon which it was based, are no longer valid.
But our conclusion in this respect does nothing to extricate the trial courts of this state from the horns of the dilemma in which they now find themselves. On the one hand is the decision of this court in Fish affirming a lower court which had denied a court-appointed counsel to indigent misdemeanants; and on the other hand are the Fifth Circuit federal courts  both trial and appellate  that with the aid of the Sixth and Fourteenth Amendments and the writ of habeas corpus are coercing our state courts in decisions that are as distinguished for their lack of uniformity as for their lack of sound precedent, insofar as the applicability of Gideon v. Wainwright, 372 U.S. 335, 83 S.Ct. 792, 9 L.Ed.2d 799 (1962) to state trials of misdemeanor charges are concerned.
In this confusing situation we feel that we have no alternative but to adopt the decision of the federal court of this judicial circuit that we feel most nearly approximates any decision in this respect that might be adopted by the Supreme Court of the United States. Assuming arguendo that that Court will eventually decide that Gideon should be extended to include misdemeanor trials, it is fair to presume that it would apply to the right-to-counsel rule the same principles applicable to a determination of the right to a jury trial, namely, that this right extends only to trials for non-petty offenses punishable by more than six months imprisonment. See Frank v. United States, 395 U.S. 147, 89 S.Ct. 1503, 23 L.Ed.2d 162 (1969); Duncan v. Louisiana, 391 U.S. 145, 88 S.Ct. 1444, 20 L.Ed.2d 491 (1968); Bloom v. Illinois, 391 U.S. 194, 88 S.Ct. 1477, 20 L.Ed.2d 522 (1968); and Cheff v. Schnackenberg, 384 U.S. 373, 86 S.Ct. 1523, 16 L.Ed.2d 629 (1966).
This is the standard adopted in Brinson v. State, S.D.Fla. 1967, 273 F. Supp. 840, in which the U.S. District Court, speaking through Judge Mehrtens, pointed out that "the `absolute right' to counsel in all criminal prosecutions must be qualified by practical exigencies and, unless this is done, the necessities of sound judicial administration would be disregarded and the administration of justice thrown into senseless *444 chaos." Judge Mehrtens noted also that the blanket application of the rule to all misdemeanor cases "could lead to the appointment of counsel for misdemeanors not normally considered criminal, such as overparking and other petty traffic offenses, jaywalking, dropping trash upon the sidewalk, and like offenses."
To Judge Mehrtens' observations we might add that misdemeanors are usually associated with trivial offenses described as malum prohibitum rather than malum in se, as are most felonies. Misdemeanors have none of the sanctions in addition to fine or imprisonment associated with felonies. A conviction of a felony is punished not only by imprisonment but also by the forfeiture of civil rights, such as the right to vote, to serve on a jury, and to hold public office, see Marsh v. Garwood, Fla. 1953, 65 So.2d 15, 19; and not infrequently such a conviction will prove to be an insurmountable barrier to desirable employment.
Thus, the two classes of offenses are widely separated in type, kind, punishment and effect; and even though the basic and fundamental "due process" right guaranteed by the Fourteenth Amendment must be held to include the Sixth Amendment right-to-counsel in felony cases as was held in Gideon, supra, it does not necessarily follow that this Sixth-Fourteenth tandem can reach down into the lowest echelons of petty offenders and hand out to them the free services of an elaborate and expensive public-defender system to defend them against charges of overparking or other petty offenses. In the words of Judge Mehrtens in Brinson, supra, "[t]he demands upon the bench and bar would be staggering and well-nigh impossible."
In these circumstances, and pending a definitive decision of the United States Supreme Court on the subject, we adopt the reasoning and the conclusion of the Brinson case, supra, and hold that an indigent defendant accused of a misdemeanor is entitled to court-appointed counsel only when the offense carries a possible penalty of more than six months imprisonment; and insofar as Fish and the other cases cited above are in conflict herewith, we hereby recede therefrom.
We are indebted to learned counsel for the briefs and oral arguments presented on behalf of The Florida Bar, The Florida League of Municipalities, the Economic Opportunity Legal Services Program of Dade County, Inc., and, especially, the exhaustive briefs filed on behalf of the State of Florida  all of which have been enlightening and educative and have greatly lessened our labors.
Since it affirmatively appears in the record that the maximum term of imprisonment provided by statute for the offense charged against petitioner was six months, and that he was actually sentenced to three months, it has not been made to appear that petitioner was entitled to counsel. Accordingly, the writ heretofore issued should be and it is hereby
Discharged.
DREW, THORNAL and CARLTON, JJ., concur.
BOYD, J., concurring in part and dissenting in part with Opinion.
ERVIN, C.J., and ADKINS, J., concur with BOYD, J.
BOYD, Justice (concurring in part, dissenting in part).
A careful examination of Gideon v. Wainwright,[1] indicates no intention of the Court to limit the right of counsel at public expense to only those indigents accused of major crimes. On the contrary the case says in part:[2]
"[I]n our adversary system of criminal justice, any person haled into court, who *445 is too poor to hire a lawyer, cannot be assured a fair trial unless counsel is provided for him. * * * The right of one charged with crime to counsel may not be deemed fundamental and essential to fair trials in some countries, but it is in ours."
Opinions of United States Circuit Courts of Appeal[3] extend the right of counsel to persons facing possible imprisonment regardless of the degree of their offenses or length of possible incarceration. At least seven states require counsel for all indigents charged with misdemeanors punishable by imprisonment.[4]
In Application of Gault,[5] the United States Supreme Court extended the right of counsel to all juveniles accused of offenses in juvenile court. If a group of indigent teen age children jointly commit a minor offense, it seems difficult to explain why the older children, who are tried as adults, will not be provided counsel at trial while their colleagues, who are a few days younger, receive counsel because they are technically juveniles.[6] Surely this is not truly equal protection of the law. In State v. Steinhauer, this Court stated:[7]
"The right to counsel cases, such as Gideon v. Wainwright, * * * all recognized the essentiality of the assistance of counsel as a facility in the fact-finding and truth-determining process. They could be analogous to juvenile court hearings for determination of delinquency with attendant commitment to detention."
State Courts owe as much duty as Federal Courts to construe and protect constitutional rights.
The Sixth Amendment to the Constitution of the United States is the fount from which flows the right of counsel including rights of indigents to counsel at taxpayers' expense. The Fourteenth Amendment to the Constitution of the United States grants equal protection of the laws to all citizens. Section 2, Article 1 of the Constitution of the State of Florida, F.S.A., provides that "all natural persons are equal before the law." Under these provisions, we must treat all citizens equally before the law. All persons accused come to the bar of justice as equals, all being presumed innocent.
Federal and State Constitutions are adopted for all of the people and must be applied uniformly. When a person is denied the exercise of constitutional rights, they are as meaningless to him as the shadow of a ghost. There is no magic yardstick by which we can determine liberty is more precious to one person than to another. From the inside all jails look alike.
The well reasoned opinion of the majority heads the Court in the right direction. It does not go far enough to meet constitutional standards of equal protection of the *446 law. Any indigent charged with violating any state law or county or municipal ordinance punishable by a jail sentence or imprisonment for any time whatever is entitled to counsel at the expense of the prosecuting entity of government.
I concur with those provisions of the majority opinion extending benefits of counsel to indigents but dissent from the conclusion limiting right of counsel for indigents at government expense. The action of the trial court should be quashed and a new trial should be granted with benefits of counsel as is now provided for any other indigent.
ERVIN, C.J., and ADKINS, J., concur.
NOTES
[1] 372 U.S. 335, 83 S.Ct. 792 (1962).
[2] Id. at 344, 83 S.Ct. at 796.
[3] McDonald v. Moore, 353 F.2d 106 (5th CCA 1956); Harvey v. State, 340 F.2d 263 (5th CCA 1965); Goslin v. Thomas, 400 F.2d 594 (5th CCA 1968); Boyer v. City of Orlando, 402 F.2d 966 (5th CCA 1968); James v. Headley, 410 F.2d 325 (5th CCA 1969); Bohr v. Purdy, 412 F.2d 321 (5th CCA 1969); Evans v. Rives, 75 U.S.App.D.C. 242, 126 F.2d 633 (1942).
[4] In re Johnson, 62 Cal.2d 325, 42 Cal. Rptr. 228, 398 P.2d 420 (1965); People v. Witenski, 15 N.Y.2d 392, 259 N.Y.S.2d 413, 207 N.E.2d 358 (1965); People v. Garrett, 43 Ill. App.2d 183, 193 N.E.2d 229 (1963); Mulcahy v. Commonwealth, 227 N.E.2d 326 (Mass.Sup.Jud. Ct. 1967); State v. Borst, 278 Minn. 388, 154 N.W.2d 888 (1967); N.H. Rev. Stat. Ann. §§ 604-A:1:2 (Supp. 1967); Vernon's Ann.Tex. Code Crim. Proc. Art. 26.04 (1966); see, Junker, The Right to Counsel in Misdemeanor Cases, 43 Wash.L.Rev. 685, 719 (1968).
[5] 387 U.S. 1, 87 S.Ct. 1428, 18 L.Ed.2d 527 (1967).
[6] Application of Gault, 387 U.S. 1, 87 S.Ct. 1428 (1967); State v. Steinhauer, 216 So.2d 214 (Fla. 1968).
[7] State v. Steinhauer, 216 So.2d 214, 219 (Fla. 1968).