Mack J. WALL, Petitioner,

v.

E. Wilson PURDY, Director of Public Safety, Dade County, Florida, Respondent.

George Perlman ALVIS, Petitioner,

v.

William G. KIMBROUGH, Chief of Police of Coral Gables, Florida, Respondent.

Martha GRIFFIN, Petitioner,

v.

Charles GOODLETT, Chief Belle Glade Police Department, Belle Glade, Florida, Respondent.

John W. HICKS, Petitioner,

v.

Robert JOHNSTON, Chief of Police of the City of Fort Lauderdale, Respondent.

Civ. Nos. 70–573, 70–1324, 70–1217 and 70–1454.

United States District Court, S. D. Florida.

Jan. 20, 1971.

Bruce S. Rogow, Legal Services Program, Miami, Fla., for Mack J. Wall.

Howell L. Ferguson, Legal Services Program, Miami, Fla., for George Perlman Alvis.

B. R. Patterson, Fla. Rural Legal Services, Inc., Belle Glade, Fla., for Martha Griffin.

No appearance for John W. Hicks.

Jack R. Blumenfeld, Asst. State Atty., Miami, Fla., for E. Wilson Purdy.

Robert D. Zahner, Asst. City Atty., Coral Gables, Fla., for William G. Kimbrough.

John E. Baker, Belle Glade, Fla., for Charles Goodlett.

A. R. Morsillo, City Prosecutor, Ft. Lauderdale, Fla., for Robert Johnston.

## ORDER DENYING PETITIONS FOR WRITS of HABEAS CORPUS.

MEHRTENS, District Judge.

These cases each present the ever recurring question whether the Sixth Amendment right to counsel extended to the states through the Fourteenth Amendment is applicable to *all* misdemeanors.

All petitioners have petitioned this Court for a writ of habeas corpus pursuant to 28 U.S.C. Section 2254.

Petitioner Mack J. Wall was convicted in the Metropolitan Court in and for Dade County for failure to make an immediate report of an accident in violation of Section 30159.1 of the Metro Court. The maximum possible penalty is 60 days or $250 or both. He received a sentence of 15 days and $150 fine.

Petitioner George Perlman Alvis was convicted in the Municipal Court in and for Coral Gables, Florida of willfully disturbing the peace in violation of Section 21–12 of the Coral Gables City Code, and also for resisting arrest in violation of Section 20–4 of the Code. The maximum punishment was 60 days or $250 or both on each charge. He was sentenced to 60 days on each charge, making a total of 120 days.

Petitioner Martha Griffin pled guilty to a violation of Chapter 17, Section 11 of the Code of Ordinances of the City of Belle Glade, Florida (public drunkenness), and pursuant to said plea was sentenced to 5 days in jail or a fine of $25.00 plus $5.00 court costs. Thereafter, three weeks later, petitioner pled guilty to a charge of escape from the Belle Glade City Jail and was sentenced to 30 days in jail or a fine of $150 plus $5.00 court costs, the sentences to run consecutively, making a total of 35 days.

Petitioner John W. Hicks was convicted for public intoxication in the Municipal Court of Fort Lauderdale, Florida. He likewise was convicted of contempt of court on two occasions. He was sentenced to 30 days for public intoxication, 30 days for the first contempt, and 30 days for the second contempt, making a total of 90 days.

Each of the petitioners attacks the validity of his sentence, asserting that he was not advised of his right to counsel, that he was not represented by counsel, and that no counsel was provided for him, all in violation of the Sixth and Fourteenth Amendments to the United States Constitution.

Any possible uncertainty about the right to counsel if charged with a felony was put to rest by Gideon v. Wainwright, 372 U.S. 335, 83 S.Ct. 792, 9 L.Ed.2d 799. The only significant limitation of *Gideon* is found in the concurrence by Mr. Justice Harlan: "The special circumstances rule" (wherein the facts underlying the particular case will be examined to determine how important the presence of an attorney would be) "should be applied to offenses which carry the possibility of a substantial prison sentence." In

Patterson v. State, 227 Md. 194, 175 A.2d 746, the defendant was convicted of misdemeanors having a maximum penalty of 2 years or $1000 fine. The lower court refused to appoint counsel because the charges were not "serious" within the statutory definition. The State Supreme Court affirmed. On certiorari, Patterson v. Warden Maryland Penitentiary, 372 U.S. 776, 83 S.Ct. 1103, 10 L.Ed.2d 137, the judgment was vacated and the case remanded for further consideration in the light of *Gideon*. Thus the Supreme Court has held that the right to counsel extends to felonies and "serious" offenses. Since those decisions in 1963, however, courts have been wrangling about whether the language used there is sufficiently inclusive to make mandatory the appointment of counsel in *all* misdemeanor cases or whether it is limited to felony and other serious charges. The Supreme Court of the United States has not yet settled the question.

From a pragmatic point of view, courts cannot help but struggle to find some rational, fair line beyond which the absolute right to counsel becomes merely a privilege to be provided in the sound discretion of the trial judge. Although the administration of criminal justice is cloaked in abstract principles, these principles are seriously jeopardized if the system breaks down under the sheer weight of the demands which it imposes.

The right to counsel for misdemeanants has had an erratic and ambiguous history in the Federal Courts, and in particular the Fifth Circuit. See Harvey v. Mississippi, 340 F.2d 263 (5th Cir. 1965); McDonald v. Moore, 353 F.2d 106 (5th Cir. 1965); Duncan v. Louisiana, 391 U.S. 145, 88 S.Ct. 1444, 20 L.Ed. 2d 491; James v. Headley, 410 F.2d 325 (5th Cir. 1969); Goslin v. Thomas, 400 F.2d 594 (5th Cir. 1968); Bohr v. Purdy, 412 F.2d 321 (5th Cir. 1969); Shepherd v. Jordan, 425 F.2d 1174 (5th Cir. 1970).

The Fifth Circuit in passing upon how far the absolute right to counsel extends has refused to formulate a definite rule but has indicated that the safeguard extends to some misdemeanors cases, recognizing that there are some offenses where one would not be entitled to the services of an attorney at the expense of the state.

Thus, in Harvey v. Mississippi, *supra*, the defendant, without being advised that he was entitled to counsel, pled guilty and was sentenced to the maximum punishment of 90 days and a $500 fine for possession of whiskey, a misdemeanor. The court held that the plea had "grievous consequences" and that the defendant was unconstitutionally convicted because of the failure to advise him that he was entitled to be furnished counsel, quoting approvingly from Evans v. Rives (1942), 76 U.S.App.D.C. 242, 126 F.2d 633.

Thereafter in McDonald v. Moore, *supra*, the Fifth Circuit re-affirmed its position in Harvey v. Mississippi where upon similar facts the defendant was sentenced to six months in jail or $250 fine. The court, however, specifically commented:

"* * * It seems unlikely that a person in a municipal court charged with being drunk and disorderly, would be entitled to the services of an attorney at the expense of the state or the municipality. Still less likely is it that a person given a ticket for a traffic violation would have the right to counsel at the expense of the state. If the Constitution requires that counsel be provided in such cases it would seem that in many urban areas there would be a requirement for more laywers than could be made available. Even with the assistance of law students, whose services may be requested under some of the Criminal Justice plans, the demand might come near exceeding the supply."

In Goslin v. Thomas, *supra*, Goslin was convicted, without the aid of counsel, of theft and given a six months maximum sentence. Thereafter, without counsel, a previous suspension of a two-year sentence for battery was revoked, and thereafter Thomas escaped from

jail but was quickly recaptured on two separate occasions. For the first escape he was sentenced to 60 days in jail, and for the second escape he received the maximum one-year sentence. In neither of these trials was he offered or furnished counsel. The lower court specifically held (Petition of Thomas, D.C., 261 F.Supp. 263) that under *Harvey* and *McDonald, Gideon* must be applied to *all* criminal cases. The Fifth Circuit stopped short of this holding, stating that the only question was whether the right to counsel under the Sixth and Fourteenth Amendments extended to state misdemeanor cases.

In Matthews v. State [Purdy et al.], 422 F.2d 1046 (5th Cir. 1970), Matthews was tried on three occasions for three separate offenses involving violation of traffic ordinances without being advised of his right to counsel. Because of discrepancies in the record as to whether the maximum sentence on each charge was 30 days and a $250 fine or 60 days plus a $500 fine and $50 court costs or an additional 56 days for each conviction, the court was unable to effect a final disposition and remanded the case, saying:

> "One final point deserves our brief consideration. In computing the total potential penalty which may be imposed on a defendant, we suggest that the trial court not only consider the maximum possible sentence and fine under each charge, but also any additional sentence which might be imposed if the fine is not paid. •As our opinions indicate, this procedure gives a much more accurate representation of the gravity of charges facing a defendant—especially an indigent defendant."

This Court in Brinson v. State, 273 F.Supp. 840 (S.D.Fla.1967), made an attempt to set out what would be a proper test to be applied in cases involving the constitutional right to counsel by distinguishing between "petty offenses" on the one hand and misdemeanors or felonies on the other hand. Thereafter the same question arose in James v. Headley,

*supra,* where state defendants were each charged with a number of petty offenses bearing maximum penalties of 60 days in jail for each but subjecting them to a total sentence of 600 days and 240 days. This Court again adopted the reasoning in *Brinson* and held that an accused does not have the right to a court-appointed counsel when charged with only a petty offense carrying a maximum penalty of six months. All of the judges concurred in reversal. Two of the judges, however, did not join in Parts I and II of the opinion, there being unanimous agreement only that this Court erred in treating each count as standing alone for the purpose of calculating the possible sentence.

In Bohr v. Purdy, 412 F.2d 321 (5th Cir. 1969), Bohr was convicted, without counsel, of reckless driving, causing an accident, and leaving the scene of the accident involving another vehicle, the maximum sentence being 90 days and a $750 fine. He was sentenced to 60 days plus a $500 fine and costs of $25. In lieu of payment he was to serve an additional 53 days or a total of 103 days. Judgment was vacated on authority of James v. Headley.

In Shepherd v. Jordan, 425 F.2d 1174 (5th Cir. 1970), petitioner was convicted of four charges of disorderly conduct in the Atlanta Municipal Court. Each of the four charges was punishable by imprisonment of a maximum of six months and a fine of a maximum of $500. Petitioner had not been advised of her right to counsel or afforded counsel. The Fifth Circuit, in holding that the petitioner was deprived of her constitutional rights, stated:

> "This court has consistently held that persons charged with *serious criminal offenses* have a right under the Sixth and Fourteenth Amendments to the assistance of counsel in their defense. Bohr v. Purdy, 412 F.2d 321 (5th Cir. 1969); James v. Headley, supra; McDonald v. Moore, 353 F.2d 106 (5th Cir. 1965); Harvey v. Mississippi, 340 F.2d 263 (5th Cir. 1965)." (Emphasis added)

In answer to the appellant's argument that most municipal convictions resulted in either suspended sentences or fines of $27 or 25 days or less imprisonment, the court stated:

> " * * * These City officials have the option of affording counsel or reducing the maximum permissible penalty; and where cumulative charges would advance the classification from petty to serious, they may choose which of multiple petty offenses they will elect to dismiss so as to maintain that classification. This court can only say that the Sixth Amendment speaks to all criminal prosecutions, *saving petty offenses* which have been court-excepted from its stricture." (Emphasis added)

Until recently the Supreme Court of Florida has denied the right to counsel in all misdemeanor cases. In June 1970 in State ex rel. Argersinger v. Hamlin, 236 So.2d 442 (Fla.1970), the Supreme Court of Florida adopted this Court's opinion in *Brinson* extending the right to counsel to trial for non-petty offenses punishable by no more than six months imprisonment, stating:

> "In this confusing situation we feel that we have no alternative but to adopt the decision of the federal court of this judicial circuit that we feel most nearly approximates any decision in this respect that might be adopted by the Supreme Court of the United States. Assuming *arguendo* that that Court will eventually decide that *Gideon* should be extended to include misdemeanor trials, it is fair to presume that it would apply to the right-to-counsel rule the same principles applicable to a determination of the right to a jury trial, namely, that this right extends only to trials for non-petty offenses punishable by more than six months imprisonment. See Frank v. United States, 395 U.S. 147, 89 S.Ct. 1503, 23 L.Ed.2d 162 (1969); Duncan v. Louisiana, 391 U.S. 145, 88 S.Ct. 1444, 20 L.Ed.2d 491 (1968); Bloom v. Illinois, 391 U.S. 194, 88 S.Ct. 1477, 20 L.Ed.2d 522 (1968); and Cheff v. Schnackenberg, 384 U.S. 373, 86 S.Ct. 1523, 16 L.Ed.2d 629 (1966).

> "This is the standard adopted in Brinson v. State, S.D.Fla.1967, 273 F.Supp. 840, in which the U. S. District Court, speaking through Judge Mehrtens, pointed out that 'the "absolute right" to counsel in all criminal prosecutions must be qualified by practical exigencies, and, unless this is done, the necessities of sound judicial administration would be disregarded and the administration of justice thrown into senseless chaos.' Judge Mehrtens noted also that the blanket application of the rule to all misdemeanor cases 'could lead to the appointment of counsel for misdemeanors not normally considered criminal, such as overparking and other petty traffic offenses, jaywalking, dropping trash upon the sidewalk, and like offenses.'

> "To Judge Mehrtens' observations we might add that misdemeanors are usually associated with trivial offenses described as *malum prohibitum* rather than *malum in se*, as are most felonies. Misdemeanors have none of the sanctions in addition to fine or imprisonment associated with felonies. A conviction of a felony is punished not only by imprisonment but also by the forfeiture of civil rights, such as the right to vote, to serve on a jury, and to hold public office, see Marsh v. Garwood, Fla.1953, 65 So.2d 15, 19; and not infrequently such a conviction will prove to be an insurmountable barrier to desirable employment.

> "Thus, the two classes of offenses are widely separated in type, kind, punishment and effect; and even though the basic and fundamental 'due process' right guaranteed by the Fourteenth Amendment must be held to include the Sixth Amendment right-to-counsel in felony cases as was held in *Gideon*, supra, it does not necessarily follow that this Sixth-Fourteenth tandem can reach down into the lowest echelons of petty offenders and hand out to them the free services of

an elaborate and expensive public-defender system to defend them against charges of overparking or other petty offenses. In the words of Judge Mehrtens in *Brinson*, supra, '[t]he demands upon the bench and bar would be staggering and well-nigh impossible.'

"In these circumstances, and pending a definitive decision of the United States Supreme Court on the subject, we adopt the reasoning and the conclusion of the *Brinson* case, supra, and hold that an indigent defendant accused of a misdemeanor is entitled to court-appointed counsel only when the offense carries a possible penalty of more than six months imprisonment; and insofar as *Fish* [Fish v. State, Fla., 159 So.2d 866] and the other cases cited above are in conflict herewith, we hereby recede therefrom."

Unfortunately, the Fifth Circuit decisions have neither clarified the question nor have they been of any real assistance to the trial courts, both federal and state, which are constantly besieged and beset with this problem. As an inevitable result, conflicting and confusing decisions are being rendered not only in district courts but among different judges in a district court.

Thus, in Betty Pearl Patterson v. Purdy, United States District Court, Southern District of Florida, Case No. 69–557, petitioner was convicted in Metropolitan-Dade County Court of driving a motor vehicle without a valid operator's license and sentenced to 15 days, a $250 fine plus $6.00 court costs and an additional 17 days in lieu of nonpayment of the fine and costs. The maximum punishment was 30 days or $250 fine or both. While recognizing that no case in this circuit has extended the right to counsel to prosecutions carrying an aggregate maximum penalty of less than 90 days, and recognizing the practical problems involved, the court held that *any* deprivation of liberty without counsel runs afoul of the Constitution.

Although the minority opinion in James v. Headley held that it was error

in equating the right of trial by jury to the right to counsel, this Court is still of the opinion that its reasoning was and is sound.

This Court's analogy was adopted and approved by the Eighth Circuit Court of Appeals in Beck v. Winters, 407 F.2d 125 (1969), cert. denied, 395 U.S. 963, 89 S.Ct. 2104, 23 L.Ed.2d 749, where that court in an exhaustive opinion concluded, among other things, that:

"It should be remembered that the Sixth Amendment makes no differentiation between misdemeanors and felonies. The right to counsel is not contingent upon the length of the sentence or the gravity of the punishment. Rather, it provides that the guarantee extends to 'all criminal prosecutions.' *Furthermore, we note that the phrase 'all criminal prosecutions' applies not only to the right to counsel but also to the right to a jury trial. Logically the phrase should be accorded the same meaning as applied to both protections. Thus we believe significant the Supreme Court's pronouncements in cases involving the jury trial guarantee.*" (Emphasis added)

As above noted, the Sixth Amendment extends to "all criminal prosecutions." Although the procedure in municipal courts and in Metropolitan-Dade County Court is very similar to criminal court procedures in many respects, a valid argument could be made that prosecution for the violation of a municipal or county ordinance providing imprisonment or fine is not a "criminal proceeding" because it is not a crime.

In Section 14, Article I of the Constitution of Florida of 1968, a distinction between a crime and a violation of a municipal ordinance appears in the following language: "Until adjudged guilty, every person charged with a crime or violation of a municipal or county ordinance shall * * *." etc.

By statute the Legislature, in Section 775.08, F.S.A., has limited all crimes to felonies and misdemeanors.

Section F.S. 901.15 F.S.A., in providing for arrest of a person by an officer without a warrant of arrest, requires that the person must have committed "a felony or misdemeanor or violation of a municipal ordinance" in his presence.

The Florida Supreme Court has stated that the violation of a municipal ordinance in not a crime. [See State ex rel. Wilson v. Quigg, 17 So.2d 697 (1944); also see Boyd v. County of Dade, 123 So. 2d 323 (Fla.1960); Davis v. State, 227 So.2d 342 (Fla.App.1969); see County of Dade v. Sansom, 226 So.2d 278 (Fla. App.1969), wherein such offenses were referred to as "petty offenses."]

Likewise the Third District Court of Appeal of Florida in County of Dade v. Sansom, 226 So.2d 278 (1969), held that a conviction in the Dade County-Metropolitan Court for the violation of a disorderly conduct ordinance did not constitute a crime. Convictions for violations of such ordinances therefore are not tainted by criminality. Should such reasoning be adopted, the Sixth Amendment would not apply to municipal courts or county courts except in instances where the Legislature of Florida exercises its conceded authority to make criminal the violation of an ordinance.

Philosophically, it is all very well to re-state the familiar homilies that "from the inside all jails look alike" and "a single day is one day too many if an innocent person is convicted * * *." No one disputes such statements. As I pointed out in *Brinson*, the courts of necessity are faced with practicalities. In this Court's opinion, it is unreasonable to assume that our forefathers in drafting the Constitution, or the Supreme Court of the United States in interpreting it, ever intended to create a situation whereby a person charged with violating a municipal ordinance, such as overparking, not stopping at a stop sign, spitting upon a public sidewalk, throwing trash or litter in public places, etc., in which many instances the fine ranges from a low maximum of $1.00 to a high maximum of $50, should be entitled to have an attorney represent him at the expense of the taxpayers. Such a result would render enforcement of such ordinances impossible from a practical viewpoint since it might well cost the state $250 for the defendant's attorney's fees (not counting the cost of maintaining the state court) to enforce an ordinance providing for a maximum 10 days or $25 fine. Despite the Fifth Circuit's reluctance to lay down a definite guideline for district judges, it is essential that it do so in order to obtain uniformity in rulings and prevent the flooding of court calendars from a never-ending, unnecessary attempt to persuade that court to rule that the guarantees of the Sixth and Fourteenth Amendments apply to every charge of violation of a misdemeanor no matter how trivial.

For the reasons expressed by this Court in *Brinson* and the Supreme Court of Florida in *Argersinger* this Court therefore refuses to extend the absolute right of counsel in these cases.

The belief of this Court that the absolute right of counsel should not extend to petty offenses is strongly fortified by the provisions of the Criminal Justice Act of 1964 (18 U.S.C. 3006A) as amended by the Act of October 14, 1970 (P.L. 91–447, 91st Cong., 84 Stat. 916), wherein Congress has specifically directed that each United States District Court, with the approval of the Judicial Council of the Circuit, shall place in operation a plan for furnishing representation for any person financially unable to obtain adequate representation who is charged with a felony or misdemeanor (other than a petty offense as defined in Section 1 of that title), etc., and the Report of the Committee to Implement the Criminal Justice Act of 1964 recommending that the plan of each District Court conform to the above law to show that such plan provides for furnishing representation to an indigent "who is charged with a felony or misdemeanor (other than a petty offense). * * *" It seems abundantly clear to this Court that the federal courts cannot and should not require more from state courts than the

**374**

federal government itself has determined it will provide.

The petitions for writs of habeas corpus are each therefore severally denied.