George Perlman ALVIS, Petitioner-Appellant,

v.

William G. KIMBROUGH, Chief of Police, Coral Gables, Fla., Respondent-Appellee.

Martha GRIFFIN, Petitioner-Appellant,

v.

Charles GOODLETT, Chief, Belle Glade Police Dept., Belle Glade, Florida, Respondent-Appellee.

Nos. 71–1513, 71–1499.

Summary Calendar.*

United States Court of Appeals, Fifth Circuit.

July 8, 1971.

---

* [1] Rule 18, 5th Cir.; See Isbell Enterprises v. Citizens Casualty Co. of N. Y., 431 F.2d 409, Part I (5th Cir. 1970).

Howell L. Ferguson, Bruce S. Rogow, Miami, Fla., for petitioner-appellant.

Charles Spooner, City Atty., City of Coral Gables, Robert D. Zahner, Coral Gables, Fla., for respondent-appellee.

Bruce S. Rogow, Miami, Fla., B. R. Patterson, Belle Glade, Fla., for petitioner-appellant.

John E. Baker, Belle Glade, Fla., Charles Goodlett, Chief of Police, Belle Glade, Fla., for respondent-appellee.

Before THORNBERRY, MORGAN and CLARK, Circuit Judges.

PER CURIAM:

Each of these appeals emanates from the lower court's denial of habeas corpus relief. Both appellants complain of deprivation of their right to the assistance of counsel in their defense in criminal proceedings in municipal misdemeanor cases. Each denial must be vacated and remanded for further proceedings which we deem justice requires under the circumstances.[1]

George Perlman Alvis was convicted in the municipal court of Coral Gables, Florida of disturbing the peace and resisting arrest in violation of Coral Gables City Code Sections 20–12 and 20–4. The maximum punishment possible under each charge was 60 days or a fine of

---

1. 28 U.S.C.A. § 2106 (1969). These two cases were consolidated with two other cases in the lower court. Only three of the cases were appealed; and on April 9, 1971, this Court, through the Clerk of the Court, granted the appellants' motion to consolidate the appeals for purposes of filing briefs and oral arguments. We are disposing of only Alvis v. Kimbrough, No. 71–1513, and Griffin v. Goodlett, No. 71–1499, 321 F.Supp. 367. We make no disposition at this time of the third case consolidated with these appeals, Wall v. Purdy, No. 71–1388, 321 F.Supp. 367, and the court retains jurisdiction thereof.

250 dollars or both. Thus the cumulative maximum punishment for both offenses was 120 days imprisonment or a fine of 500 dollars or both. His sentence was to imprisonment for 120 days.

On the 27th day of July, 1970, Martha Griffin was convicted by the City of Belle Glade, Florida on a charge of escape from its city jail in violation of Chapter 17, Section 12 of the Code of Ordinances of the City of Belle Glade. The maximium penalty for this offense was a jail term of 90 days or a fine of 500 dollars or both under Belle Glade Charter Section 7–13.[2] The sentence actually imposed was a fine of 150 dollars or 30 days imprisonment plus 5 dollars court costs.

The court below denied habeas corpus relief on the basis of its prior opinion in Brinson v. State, 273 F.Supp. 840 (S.D. Fla.1967) and State ex rel. Argersinger v. Hamlin, 236 So.2d 442 (Fla.1970). The district court's opinion in the cases at bar is reported in 321 F.Supp. 367.

In James v. Headley, 410 F.2d 325 (5th Cir. 1969), this Circuit held that all charges against an accused must be cumulated in measuring the possible sentence which could be imposed, for the purpose of calculating whether the offense was one serious enough to entitle the defendant to claim a Constitutional right to counsel. In *James* and other cases, the latest being Wooley v. Consolidated City of Jacksonville, 433 F.2d 980 (5th Cir. 1970), we have held that where crimes carry possible penalties as great as 90 days imprisonment or fines of 500 dollars, the strictures of the Sixth Amendment are applicable to the states through the Fourteenth Amendment and the defendant is entitled to assistance of counsel in his defense, regardless of the sentence actually imposed.

The federal habeas court did not reach and did not resolve a fact issue between the parties as to whether these Petitioner-appellants Alvis and Griffin

were advised of their rights to counsel and made an intelligent waiver thereof. We vacate the order denying the petitions of George Perlman Alvis and of Martha Griffin for writs of habeas corpus and remand these causes to the district court with directions to determine whether these petitioners were advised of their right to counsel and whether either or both of them voluntarily and intelligently waived that right in connection with their trials on the charges indicated above. If no valid waivers of petitioners' Sixth Amendment rights were effected, they were entitled to habeas corpus relief from both appellants.

Vacated and remanded with directions as to both appellants.

---

2. The City points out that this maximum was reduced to a term of imprisonment of 60 days or a fine of 500 dollars or both

under Section 1–8 of City Ordinance 70–29, but this reduction was not effective until December 1970.