George Perlam ALVIS, Petitioner-Appellant,

v.

William G. KIMBROUGH, Chief of Police of Coral Gables, Florida, Respondent-Appellee.

No. 71-3243

Summary Calendar.*

United States Court of Appeals, Fifth Circuit.

Feb. 22, 1972.

---

2. See United States v. Wainwright, 413 F.2d 796, 803 (10th Cir. 1969).

* Rule 18, 5 Cir.; See Isbell Enterprises, Inc. v. Citizens Casualty Co. of New York et al., 5 Cir., 1970, 431 F.2d 409.

Bruce S. Rogow, Miami, Fla., for petitioner-appellant.

Spooner & Zahner, Charles H. Spooner, City Attys., Coral Gables, Fla., for respondent-appellee.

Before BELL, DYER and CLARK, Circuit Judges.

PER CURIAM:

On the previous appeal of this habeas corpus case, we vacated and remanded on the denial of counsel issue. We left the question of waiver of the right to counsel to be settled on remand. Alvis v. Kimbrough, 5 Cir., 1971, 446 F.2d 548.

On the subsequent federal hearing the district court, after hearing the testimony of the municipal judge, concluded:

"This court finds that a statement appropriately made by a proper official in a municipal court to a small group of defendants prior to trial as to the right of counsel is sufficient where the statement can be heard by all and each understands and voluntarily and intelligently waives such right. There should be no requirement that each individual defendant be separately advised of his rights if the other criteria [are] met."

We agree that this conclusion conforms to the requirements laid down in Johnson v. Zerbst, 304 U.S. 458, 58 S.Ct. 1019, 82 L.Ed. 1461 (1938), for establishing waiver. The district court denied habeas relief after making findings of fact and conclusions of law adverse to appellant.

Ordinarily this would be the end of the matter. However, counsel for appellant moved for a continuance prior to the hearing on the ground that appellant had been committed to a mental institution and was not available to testify. This appears without contradiction.

The test for determining error in the failure to grant a continuance is whether an abuse of discretion appears on the part of the district court. We think the fact of appellant's confinement and resultant inability to testify and possibly contradict the testimony of the only witness against him on waiver amounts to an abuse of discretion.

We therefore vacate the judgment of the district court and remand for proceedings not inconsistent herewith.

Vacated and remanded.