Mack J. WALL, Petitioner-Appellant,

v.

E. Wilson PURDY, Director of Public Safety, Dade County, Fla., Respondent-Appellee.

No. 71–1388

Summary Calendar.*

United States Court of Appeals, Fifth Circuit.

Aug. 1, 1972.

As Amended on Rehearing and Rehearing En Banc Denied Sept. 7, 1972.

Bruce S. Rogow, Miami, Fla., for petitioner-appellant.

Jack R. Blumenfeld, Asst. State Atty., Miami, Fla., for respondent-appellee.

Before BELL, DYER and CLARK, Circuit Judges.

PER CURIAM:

The order of the district court, 321 F.Supp. 367, denying habeas corpus relief to the appellant is vacated, and the cause is remanded with directions to determine whether the appellant was advised of his right to counsel and whether he voluntarily and intelligently waived[1] that right in connection with his said trial. If there was no valid waiver of appellant's Sixth Amendment right to counsel, then he is entitled either to have his conviction and sentence of imprisonment set aside or, if the respondent should desire to retry him for the offense, to his Sixth Amendment rights to counsel in the event, on retrial, the court might contemplate a sentence of imprisonment. Argersinger v. Hamlin, 1972, 407 U.S. 25, 92 S.Ct. 2006, 32 L.Ed. 530.

Vacated and remanded, with directions.

ON PETITION FOR REHEARING EN BANC

PER CURIAM:

No member of this panel nor Judge in regular active service on the Court having requested that the Court be polled on rehearing en banc, (Rule 35 Federal Rules of Appellate Procedure; Local Fifth Circuit Rule 12) the Petition for Rehearing En Banc is denied.

---

* Rule 18, 5 Cir.; Isbell Enterprises, Inc. v. Citizens Casualty Company of New York et al., 5 Cir., 1970, 431 F.2d 409, Part I.

1. See Goodwin v. Smith, 5 Cir. 1971, 439 F.2d 1180.