Juanita **SHEPHERD**, Petitioner-Appellee,

v.

Captain **R. F. JORDAN**, Superintendent of the City of Atlanta Prison Farm, Respondent-Appellant.

No. 28513

Summary Calendar.

United States Court of Appeals, Fifth Circuit.

April 20, 1970.

Rehearing Denied May 13, 1970.

---

Henry L. Bowden, Thomas F. Choyce, Atlanta, Ga., for respondent-appellant.

James T. McIntyre, Jr., W. Michael B. Stoddard, Atlanta, Ga., amicus curiae.

William H. Traylor, Atlanta, Ga., for petitioner-appellee.

Before THORNBERRY, CARSWELL and CLARK, Circuit Judges.

PER CURIAM:

■ The Superintendent of the City of Atlanta Prison Farm appeals from the grant of a writ of habeas corpus to an indigent person remanded to his custody in default of payment of four $27 fines assessed by the Municipal Court on four charges of disorderly conduct. The basis for the grant of the writ by the lower court was the failure of the municipal court to accord the accused assistance of counsel for her defense under the Sixth and Fourteenth Amendments. We affirm.[1]

On May 4, 1968 the accused was convicted of cursing, creating a turmoil, violation of the knife ordinance and resisting arrest. Mrs. Shepherd was not represented by counsel at the time of the hearing nor was she apprised by the court of her right to counsel. She entered guilty pleas to the cursing, creating a turmoil and knife charges and not guilty to resisting arrest. The Municipal Judge found her guilty on all four counts and entered judgments of fines of $27 or sentences of 25 days on each of the four charges. Her request for time to pay the fine was denied and she was committed to the custody of the Superintendent to serve her four sentences consecutively.

Each of the offenses charged against Mrs. Shepherd is punishable by imprisonment for a maximum of 6 months and a fine of a maximum of $500.

In Duncan v. Louisiana, 391 U.S. 145, 88 S.Ct. 1444, 20 L.Ed.2d 491 (1968),

---

1. Pursuant to Rule 18 of the Rules of this Court, we have concluded on the merits that this case is of such character as not to justify oral argument and have directed the clerk to place the case on the Summary Calendar and to notify the parties in writing. See Murphy v. Houma Well Service, 409 F.2d 804 (5th Cir. 1969), Part I, and Huth v. Southern Pacific Company, 417 F.2d 526 (5th Cir. 1969), Part I.

the Supreme Court held that the length of the maximum sentence authorized by a statute proscribing criminal conduct determines the classification of an offense as petty or serious. In James v. Headley, 410 F.2d 325 (5th Cir. 1969), this court unanimously held that all charges against an accused must be cumulated in measuring the possible sentence which could be imposed for the purpose of calculating whether the offense was petty or serious. Thus Mrs. Shepherd stood before the Municipal Court on charges carrying a maximum of two years in prison and fines of up to $2,000.[2]

█ This court has consistently held that persons charged with serious criminal offenses have a right under the Sixth and Fourteenth Amendments to the assistance of counsel in their defense. Bohr v. Purdy, 412 F.2d 321 (5th Cir. 1969); James v. Headley, supra; McDonald v. Moore, 353 F.2d 106 (5th Cir. 1965); Harvey v. Mississippi, 340 F.2d 263 (5th Cir. 1965).

█ Counsel for the Superintendent points out that most convictions in Municipal Court result in either suspended sentences or fines of $27 or 25 days or less, and that only .5% of those accused receive fines in excess of $54 or 60 days. This argument is not properly addressed to this court but rather to the municipal authorities of the City of Atlanta. These City officials have the option of affording counsel or reducing the maximum permissible penalty; and where cumulative charges would advance the classification from petty to serious, they may choose which of multiple petty offenses they will elect to dismiss so as to maintain that classification. This court

can only say that the Sixth Amendment speaks to all criminal prosecutions, saving petty offenses which have been court-excepted from its stricture.

Affirmed.

2. We do not agree with the contention advanced by appellee that the fines would cause additional imprisonment. Part II, Section 19–43, Code of Ordinances of the City of Atlanta, provides in pertinent part:

"(c) *Credit for time served.* Offenders becoming able to pay the fines ·imposed after having worked one or more days shall have their fines reduced at the rate of one dollar ($1.00) per day for

each day worked. *Where time is served because of inability to pay a fine imposed, the serving of the time set forth in the sentence shall satisfy in full any fine imposed.*"

Our disagreement is however immaterial to the disposition of this case since a crime providing for imprisonment for two years can not be considered a petty offense.