OPINION OF THE COURT
Chief Judge Cooke.
The question presented by this appeal is whether defendant’s confession to police, made in a noncustodial setting before a criminal prosecution had commenced, must be suppressed as the product of the ineffective assistance of defendant’s retained counsel. This court concludes that suppression of statements made at such an early stage of an investigation is not required, because defendant’s Sixth Amendment right to counsel had not yet attached.
In the early morning hours of May 15, 1980, a 16-year-old high school student returning from a prom was robbed and fatally shot on a Queens street. Four days later, as the result of an anonymous tip, police went to the home of defendant Angel Claudio, who was also 16 years old. Defendant, accompanied by his stepmother, went to the precinct station house at the officers’ request. He stated that he had been at home sleeping at the time of the murder, and was allowed to leave.
On May 21,1980, defendant called the law firm of Heller & Heller, whose listing he had come across in the telephone directory. Attorney Mark Heller returned the call *559 and met with defendant and defendant’s cousin the following morning. Defendant retained Heller to represent him in connection with the shooting. Heller and defendant, after a discussion, determined that defendant would surrender to the Queens County District Attorney. Defendant and Heller offered sharply differing accounts at the suppression hearing of what Heller advised his client to say to the authorities. The finding of the courts below, which is supported by the record, was that Heller did not explain the seriousness of the charges defendant might face or his available defenses. The lawyer told defendant that the best course of action was to surrender, and that the lawyer might be able to obtain probation or parole without jail time if defendant did so.
When defendant and his attorney arrived at the District Attorney’s office, the lawyer was told by a prosecutor that there was insufficient evidence to charge defendant unless he confessed. He was also informed that there would be no plea bargain. The lawyer did not ask whether defendant was wanted by the police. The courts below found that, after further conversations with representatives of the District Attorney’s office, Heller advised his client to make a statement. With his attorney present, defendant was interviewed by the authorities and made extensive inculpatory admissions, resulting in his arrest.
Heller subsequently made a plea through the media for other persons involved in the murder to come forward, and arranged for another young man, Randolfo Maldonado, to surrender after Maldonado contacted him. Both young men were subsequently indicted for murder in the second degree, attempted robbery in the first degree, and criminal possession of a weapon in the second degree. This appeal involves only defendant Claudio.
At the suppression hearing, defendant argued that the performance of Heller, who by that point had been replaced by assigned counsel, had denied defendant effective assistance of counsel. The court agreed and ordered defendant’s statements suppressed. The Appellate Division reversed and denied the motion to suppress, holding that defendant’s Sixth Amendment right to counsel had not attached because formal judicial proceedings had not commenced.
*560 At the outset, it should be noted that all members of this court are in agreement that the performance of defendant’s lawyer was woefully inadequate. The issue to be determined, however, is whether the lawyer’s conduct, coming before the commencement of a criminal prosecution, violated defendant’s right to counsel under the Sixth Amendment.[1]
The Sixth Amendment to the United States Constitution provides that “[i]n all criminal prosecutions, the accused shall enjoy the right to * * * have the Assistance of Counsel for his defence.” With respect to this right, “[i]t has long been recognized that the right to counsel is the right to effective assistance of counsel” (McMann v Richardson, 397 US 759, 771, n 14; see People v Baldi, 54 NY2d 137, 146). In assessing effective assistance, no distinction is to be drawn between assigned and retained counsel (Cuyler v Sullivan, 446 US 335, 344; People v Aiken, 45 NY2d 394, 401).
Furthermore, the right to assistance of counsel in a criminal proceeding attaches well before the opening of the actual trial. Indeed, more than 50 years ago, the Supreme Court based its reversal in a capital case on the “conclusion that during perhaps the most critical period of the proceedings against these defendants, that is to say, from the time of their arraignment until the beginning of their trial, when consultation, thoroughgoing investigation and preparation were vitally important, the defendants did not have the aid of counsel in any real sense, although they were as much entitled to such aid during that period as at the trial itself” (Powell v Alabama, 287 US 45, 57).
In the long line of cases that followed the Supreme Court’s historic decision in Powell, “it has been firmly established that a person’s Sixth and Fourteenth Amendment right to counsel attaches only at or after the time that adversary judicial proceedings have been initiated against him” (Kirby v Illinois, 406 US 682, 688, plurality opn of Stewart, J.). The right has been held to attach at *561 arraignment (Powell v Alabama, supra; see White v Maryland, 373 US 59; Hamilton v Alabama, 368 US 52), at a postindictment lineup (United States v Wade, 388 US 218), at a preliminary hearing after arrest but before indictment (Coleman v Alabama, 399 US 1), at a preindictment lineup where defendant’s presence was directed by court order (People v Coleman, 43 NY2d 222; People v Banks, 53 NY2d 819), and when an accusatory instrument has been filed (People v Blake, 35 NY2d 331). The right has been held not to apply to the postarrest, preindictment taking of handwriting exemplars from an accused (Gilbert v California, 388 US 263).
The guiding principle behind the decisions construing the Federal constitutional right to counsel is “that in addition to counsel’s presence at trial, the accused is guaranteed that he need not stand alone against the State at any stage of the prosecution, formal or informal, in court or out, where counsel’s absence might derogate from the accused’s right to a fair trial” (United States v Wade, 388 US 218, 226, supra [emphasis added] [nn deleted]).
It logically follows, therefore, that when no stage, not even an informal one, of a prosecution has been reached, a person has no right to assistance of counsel under the Sixth Amendment. When defendant went to the authorities, they had no intention of arresting him. Indeed, defendant’s lawyer was told that there was insufficient evidence to charge defendant, unless he made a statement.[2] Under these circumstances, an indigent person could not have insisted on appointment of an attorney under the authority of the Sixth Amendment. Inasmuch as defendant would have had no right to insist that a lawyer be provided for him when he talked to the authorities, he should not be rewarded by a suppression order merely because he chose to bring a lawyer who proved valueless.[3]
Contrary to the dissent’s assertion, it is not irrational to draw a line at the commencement of criminal proceedings. It bears emphasis that this line does not blindly decree that *562 the Sixth Amendment right to counsel begins at the courthouse door. From Powell down through the most recent decisions, the courts have remained cognizant of the realities of criminal prosecutions. Yet, all prosecutions must be deemed to start at some time. Unless the Constitution is read to require counsel for all persons — innocent or guilty — at the moment when any crime is committed, a line must be drawn at some later point. The commencement of criminal prosecution is the logical choice. Indeed, before commencement of prosecution, neither law enforcement officials nor the courts have any reason to be aware of the ineffectiveness of a person’s lawyer, or any obligation to remedy such ineffectiveness. Moreover, before a criminal prosecution has begun, the State has no means of ensuring that a person has “the guiding hand of counsel at every step in the proceedings against him” (Powell v Alabama, 287 US 45, 69, supra).
People v Smith (59 NY2d 156) does not stand for a contrary proposition. In Smith, the defendant alleged that his lawyer provided ineffective assistance by advising him to speak to authorities at a meeting set up with he lawyer’s agreement. The meeting was arranged in connection with a prosecution in Schenectady County, on which the defendant had already been indicted. Thus, with respect to the meeting, the defendant’s Sixth Amendment right to counsel had attached. The statements made at this meeting were later used at his trial on other charges in Albany County. The defendant sought suppression on the ground that he was denied effective assistance of counsel at the meeting with Schenectady County officials. Therefore, the fact that the alleged ineffective assistance occurred before criminal proceedings had begun in Albany County was not germane. The defendant’s right to effective assistance had already attached by virtue of the Schenectady County indictment. Thus, in Smith, this court did not construe the Sixth Amendment as applying to a lawyer’s actions before commencement of any criminal prosecution.
One final point merits mention. There is no indication in the record that the ineffectiveness of defendant’s lawyer was in any way induced, encouraged, or abetted by the police or District Attorney. The authorities were frank and *563 complete in the information they provided to the attorney. The lawyer’s failure to diligently protect his client’s interests can be laid at no one else’s doorstep.
In conclusion, defendant’s statements were induced by the faulty advice of his lawyer, but it does not follow that they must be suppressed. Defendant’s right to effective assistance of counsel under the Sixth Amendment had not attached, because criminal proceedings against him had not commenced.
Accordingly, the order of the Appellate Division should be affirmed.

. Defendant asserts only a violation of the Sixth Amendment of the United States Constitution, as applied to the States through the Fourteenth Amendment. Defendant does not claim before this court, nor did he do so at the suppression hearing or before the Appellate Division, that his right to counsel under the State Constitution has been violated. Therefore, this court has no occasion to consider the application of the State Constitution to defendant’s situation.

. In light of the indisputably noncustodial setting in which defendant’s statements were made, Miranda v Arizona (384 US 436) and its progeny are not implicated.

. The right to effective "assistance of counsel can be no broader than the right to counsel on which it is based.