Meyer, J.
(concurring). I concur in the result, but only
because there has been no proceeding under CPL 440.10 to develop what defendant’s trial counsel’s reasoning was and whether he had obtained defendant’s concurrence in the strategy after advising him of the risks, if in fact a strategic decision was made to “go for broke” (see People v Crump, 53 NY2d 824; People v Brown, 45 NY2d 852).
The majority memorandum fails to note that prior to trial defendant’s attorney had arranged for defendant to plead guilty to a class D felony, on which, as a predicate felon, defendant would have received at least a 2- to 4-year sentence. That plea offer strongly suggests that the attorney placed little faith in the possibility of acquittal on the basis of the lack of intent defense.
Moreover, bearing in mind that ihe maximum possible sentence for trespass is one year and that defendant had *752 already served four months at the time of trial, the gross gamble involved (with time off for good behavior defendant, if convicted of criminal trespass, would spend but four months more in jail, as compared with the much heavier sentence, mandated by his prior conviction, if convicted of the class C felony on which he was tried) is all but conclusive of the attorney’s “failure to diligently protect his client’s interests” (People v Claudio, 59 NY2d 556, 563).
If, however, defendant was informed that counsel intended to follow such a strategy and of the risks and accepted it nevertheless, he would not be entitled to a new trial. There having been no hearing to explore these matters, I agree that there must be an affirmance.
Chief Judge Cooke and Judges Jasen, Jones, Wachtler, Simons and Kaye concur; Judge Meyer concurs in result in a separate concurring memorandum.
On review of submissions pursuant to rule 500.2 (b) of the Rules of the Court of Appeals (22 NYCRR 500.2 [g]), order affirmed in a memorandum.