■ THE PEOPLE OF THE STATE OF NEW YORK, Respondent, v ERROL PRINCE, Appellant. — Appeal by defendant from a judgment of the Supreme Court, Queens County (Chetta, J.), rendered January 31, 1979, convicting him of murder in the second degree, upon a jury verdict, and imposing sentence.

Judgment affirmed.

The only issue of substance on this appeal is whether CPL 670.10 permits former testimony taken at a preliminary hearing to be introduced into evidence at a subsequent trial on a related, but separate, crime when the statutory conditions precedent have either been satisfied or have been waived. We hold in the affirmative.

CPL 670.10 (subd 1), which is largely a codification of common-law principles (*People v Arroyo,* 54 NY2d 567, 569, cert den 456 US 979; but cf. *People v Harding,* 37 NY2d 130), permits testimony given by a witness to "be received into evidence at a subsequent proceeding in *or relating to* the action involved when at the time of such subsequent proceeding the witness * * * cannot with due diligence be found" (emphasis supplied). There can be little doubt that the proceedings are related and, hence, the former testimony was admissible (see *People v Moshell,* 287 NY 9; Richardson, Evidence [Prince, 10th ed], §§ 277, 278; 5 Wigmore, Evidence [3rd ed], §§ 1373, 1375; Ann., 159 ALR 1240).

It is evident from a review of the minutes of the preliminary hearing that defendant was given ample opportunity for cross-examination. Consequently, there was no denial of any right of confrontation. (*People v Arroyo, supra;* cf. *People v Simmons,* 36 NY2d 126). Moreover, we note that defendant did not challenge the use of the former testimony either on the ground that the People failed to exercise due diligence to locate the witness or that the charge which formed the predicate for the judgment of conviction now before us was not pending at the time of the preliminary hearing. Such issues are thus deemed waived (cf. *People v Fish,* 125 NY 136).

The testimony taken at the preliminary hearing was highly probative on the issues of identity and intent. Therefore, though it concerned evidence of uncharged crimes as well, the testimony was properly received (*People v Allweiss,* 48 NY2d 40, 47).

We have considered the other issues, including those tendered by the defendant *pro se,* and find that they lack merit and do not warrant discussion. Titone, J. P., Weinstein, Rubin and Boyers, JJ., concur.