■ THE PEOPLE OF THE STATE OF NEW YORK, Respondent, v ANTHONY COMPITIELLO, Appellant.—Appeal by the defendant from a judgment of the Supreme Court, Queens County (Leahy, J.), rendered May 21, 1984, convicting him of receiving a reward for official misconduct in the second degree, upon a jury verdict, and imposing sentence.

Judgment affirmed, and matter remitted to the Supreme Court, Queens County, for further proceedings pursuant to CPL 460.50 (5).

"[I]t is clear that severance is not required solely because of hostility between the defendants, differences in their trial strategies or inconsistencies in their defenses. It must appear that a joint trial necessarily will, or did, result in unfair prejudice to the moving party and substantially impair his defense" *(People v Cruz,* 66 NY2d 61, 73-74). Although the defendant and his codefendant employed different trial strategies, taking a retrospective view of the matter, it cannot be said that the joint trial resulted in injustice or impairment of the defendant's rights *(see, People v Payne,* 35 NY2d 22; *People v La Belle,* 18 NY2d 405; *People v Fisher,* 249 NY 419; *cf. People v Cruz, supra,* at p 69). Therefore, we conclude that the trial court's denial of the defendant's motion for a severance was not an abuse of discretion.

In addition, the trial court did not err in failing to charge, in explicit language, that the defendant's mere presence at the scene of the crime was insufficient to support a conviction under a theory of acting in concert, since the charge as given made clear that the defendant could not be convicted merely on the basis of his presence at the crime scene *(see, People v Dengler,* 109 AD2d 847; *People v Zuziela,* 98 AD2d 161). Furthermore, the accessorial liability charge, when read as a whole, clearly conveyed to the jury that liability as a principal based upon accessorial conduct requires a finding that the accessory acted with the mental culpability required for commission of the crime, particularly since the court quoted Penal Law § 20.00 *(cf. People v Vasquez,* 104 AD2d 429).

The court did not abuse its discretion in imposing a sen-

tence of imprisonment upon the defendant, and we decline to modify that sentence (see, People v Suitte, 90 AD2d 80; People v Junco, 43 AD2d 266, affd 35 NY2d 419, cert denied 421 US 951). We have considered the defendant's remaining contentions and find them to be either without merit or unpreserved for our review. Mangano, J. P., Gibbons, Lawrence and Kunzeman, JJ., concur.