■ THE PEOPLE OF THE STATE OF NEW YORK, Respondent, v RANDOLFO MALDONADO, Appellant.—Appeal by the defendant from a judgment of the Supreme Court, Queens County (Leahy, J.), rendered June 24, 1982, convicting him of murder in the second degree, attempted robbery in the first degree, and criminal possession of a weapon in the second degree, upon a jury verdict, and sentencing him to consecutive indeterminate terms of imprisonment of 25 years to life on the first count, 5 to 15 years on the second count, and 5 to 15 years on the third count.

Ordered that the judgment is modified, on the law and as a matter of discretion in the interest of justice, by reducing the minimum term of the sentence imposed on the conviction of murder in the second degree from 25 to 20 years, and providing that the sentences imposed on the three convictions shall run concurrently with one another; as so modified, the judgment is affirmed.

The defendant contends that the court erred as a matter of law in refusing to charge the jury that proof of his "mere presence" at the scene of the crime is, by itself, insufficient to warrant any inference that he was a participant in the crime. However, the court's charge adequately set forth the law concerning accessorial liability, and this court has recently held that a defendant is not entitled to that charge in the precise language requested here *(see, People v Compitiello,* 118 AD2d 720). As long as the court sufficiently explains all the applicable legal principles to the jury, "the Trial Judge [is] not bound to use the specific language requested by defendant's attorney" *(People v Dory,* 59 NY2d 121, 129).

The defendant also contends that the sentence imposed is excessive. We agree. The People correctly concede that the imposition of consecutive sentences was illegal *(see, People v Walsh,* 44 NY2d 631; *People v Anderson,* 123 AD2d 770; *People v Terry,* 104 AD2d 572). We find, moreover, that the sentence imposed was excessive to the extent indicated. Bracken, J. P., Brown, Rubin and Spatt, JJ., concur.