■ THE PEOPLE OF THE STATE OF NEW YORK, Respondent, v ANGEL CLAUDIO, Appellant.—Appeal by the defendant from a judgment of the Supreme Court, Queens County (Agresta, J.), rendered November 19, 1984, convicting him of murder in the second degree, attempted robbery in the first degree, and criminal possession of a weapon in the second degree, upon a jury verdict, and sentencing him to consecutive indeterminate terms of imprisonment of 25 years to life on the murder count, 5 to 15 years on the attempted robbery count, and 5 to 15 years on the weapon possession count.

Ordered that the judgment is modified, on the law, by providing that the terms of imprisonment imposed on the three convictions shall run concurrently with one another; as so modified, the judgment is affirmed.

Several claims of trial error are raised on this appeal, but the only issue that warrants discussion concerns the introduction into evidence of the testimony taken at a pretrial hearing of a witness who died prior to the trial. We note that at the trial, the defendant did not object to the use of that testimony on the ground that it was not admissible under CPL 670.10 (1); therefore, any challenge based upon the statute must be deemed to have been waived *(see, People v Prince,* 106 AD2d

521, *affd* 66 NY2d 935). Judged under common-law standards, we find that there was no denial of the defendant's right of confrontation, as a review of the record reveals that the defendant was afforded ample opportunity to cross-examine the witness with respect to the subject matter for which the testimony was used at the trial *(see, People v Arroyo,* 54 NY2d 567, 574-575, *cert denied* 456 US 979; *People v Simmons,* 36 NY2d 126, 130; *People v Prince, supra).*

The defendant's remaining claims of trial error, including those raised in his *pro se* brief, have been considered and found to be without merit. Some of the issues tendered by the defendant in his *pro se* brief were previously determined in the appeal from the order made on his motion to suppress his confession *(see, People v Claudio,* 59 NY2d 556), and cannot be reconsidered.

The People correctly concede that the imposition of consecutive sentences in this case was illegal *(see,* Penal Law § 70.25 [2]; *People v Walsh,* 44 NY2d 631; *People v Maldonado,* 127 AD2d 855). We determine, however, that the imposition of the maximum permissible sentence was not excessive under the circumstances, including the fact that the defendant fired the shot that killed the victim. Mangano, J. P., Bracken, Lawrence and Kooper, JJ., concur.