■ THE PEOPLE OF THE STATE OF NEW YORK, Appellant, v KARL F. BENZ, Respondent.—Order unanimously modified on the law and as modified affirmed, in accordance with the following memorandum: The court erred in suppressing defendant's sneakers because defendant was not "in custody" at the time he voluntarily removed them for a close look by the police officer. " ' "[C]ustody occurs if the suspect is physically deprived of his freedom of action in any significant way or is led to believe, as a reasonable person, that he is so deprived" ' " *(People v Johnson,* 91 AD2d 327, 328, *affd* 61 NY2d 932, quoting *People v Rodney P.,* 21 NY2d 1, 9). Questioning an individual in his own home, without more, is not sufficient to conclude that the interrogation was custodial *(People v Claudio,* 85 AD2d 245, 261, *affd* 59 NY2d 556). There were, in this case, no additional significant circumstances upon which to predicate a finding of a custodial interrogation *(see, People v Paulin,* 25 NY2d 445, 449).

In all other respects the order of the suppression court must be affirmed. (Appeal from order of Cattaraugus County Court, Kelly, J.—motion to suppress.) Present—Denman, J. P., Boomer, Pine, Lawton and Davis, JJ.