The People of the State of New York, Appellant, v Keith Dillard, Respondent.—

County Court, following a *Huntley* hearing, suppressed the oral and written statements made by defendant on March 30, concluding that the bank employee was an agent of, or acting in cooperation with, the police *(see,* CPL 60.45 [2] [b]) and that defendant should have been given *Miranda* warnings prior to questioning. We disagree.

*Miranda* warnings are not required unless there is some active governmental involvement in the private investigation *(People v Ray,* 65 NY2d 282, 286). Here, Endres had no contact with police concerning this matter until after the March 30 interview and, at the time of the interview, had not decided whether criminal prosecution would be necessary. Under the circumstances, Endres was not acting as a police agent *(see, People v Velasquez,* 68 NY2d 533; *People v Ray, supra; People v Cardona,* 41 NY2d 333). The use of a supporting deposition

form that was available at the bank prior to Endres' employment there does not create an agency relationship *(see, People v Johnson,* 101 Misc 2d 833, 839). Moreover, *Miranda* warnings are required only where defendant has been arrested or is in custody *(see, People v Bennett,* 70 NY2d 891, 893-894; *People v Claudio,* 59 NY2d 556, 561, n 2). The hearing court made no finding that defendant was in custody. We conclude that defendant was not in custody when the statements were made. (Appeal from order of Monroe County Court, Celli, J.—motion to suppress.) Present—Dillon, P. J., Callahan, Boomer, Pine and Balio, JJ.