■ THE PEOPLE OF THE STATE OF NEW YORK, Respondent, v DONALD HATCHER, Appellant. THE PEOPLE OF THE STATE OF NEW YORK, Respondent, v DARRELL TAYLOR, Appellant.—Judgments of the Supreme Court, Bronx County (Ivan Warner, J.), both rendered April 19, 1988, convicting defendants, after jury trial, of unlawful imprisonment in the first degree and menacing and sentencing each of them to an indeterminate term of imprisonment of from 2 to 4 years and a definite term of imprisonment of six months, to be served concurrently, and a $100 surcharge, unanimously affirmed.

Bronx County indictment No. 2419/87 charged that defendants Donald Hatcher and Darrell Taylor, while acting in concert with each other, committed the crimes of rape in the first degree, sodomy in the first degree, unlawful imprisonment in the first degree, and menacing. The complainant, an admitted crack user, testified that, after voluntarily accompanying defendants to an apartment, she was not permitted to leave a bedroom for a period of two days during which she was repeatedly forced to engage in sexual intercourse with both defendants and sodomy with defendant Hatcher. During

the incident, the complainant was threatened with physical harm by both defendants if she did not comply with their demands. The doctor who examined complainant concluded that there was nothing to suggest that she had been raped. The jury acquitted defendants of the sexual charges, but convicted them of unlawful imprisonment in the first degree and menacing.

Viewing the evidence in a light most favorable to the prosecution *(People v Contes,* 60 NY2d 620), we find that it was legally sufficient to establish the defendants' guilt beyond a reasonable doubt. With respect to both the unlawful imprisonment and menacing counts, it was certainly a reasonable view of the evidence that Hatcher, acting in concert with Taylor, exposed complainant to a risk of serious physical injury *(People v Thompson,* 72 NY2d 410). Taylor's argument that his guilt was not proven beyond a reasonable doubt because complainant was not a credible witness is unpreserved for appellate review (CPL 470.05 [2]). In any event, it is the function of the jury to evaluate the credibility of witnesses *(People v Parks,* 41 NY2d 36, 47) and, in this case, the jury's conclusions are clearly supported by the record.

Furthermore, since the court's charge adequately set forth the law concerning accessorial liability, the court did not err in refusing to include an instruction that mere presence in the apartment was insufficient to support a conviction under a theory of acting in concert *(People v Maldonado,* 127 AD2d 855; *People v Compitiello,* 118 AD2d 720). The court not only instructed the jury that each defendant had to act with the mental culpability required for the commission of each crime in order to be regarded as acting in concert, but also included instructions on intent in explaining the crimes of menacing and unlawful imprisonment. Lastly, even though the court did not instruct the jury in the precise language of CPL 300.10 (4), which states that a court must instruct the jury "to render a verdict separately and specifically * * * with respect to each defendant", the court adequately conveyed to the jury that they were required to decide Hatcher's and Taylor's guilt or innocence separately *(People v Culhane,* 45 NY2d 757, *cert denied* 439 US 1047). Concur—Ross, J. P., Milonas, Kassal, Wallach and Rubin, JJ.