Titone, J.
(concurring). Utilizing principles that were developed largely in the Sixth Amendment context, a majority of this Court has concluded that the indelible State constitutional right to counsel that was formulated in such cases as People v Arthur (22 NY2d 325), People v Hobson (39 NY2d 479), People v Rogers (48 NY2d 167), People v Cunningham (49 NY2d 203) and People v Skinner (52 NY2d 24) does not encompass the right to legal assistance that is competent and meaningful. Because the majority’s analysis reduces what was previously regarded as an important substantive guarantee to a mere technical device for regulating police conduct, I cannot concur in its opinion. Although I agree that the State Constitution does not afford defendant a basis for relief under the circumstance of this case, my reasons are so different from those of my colleagues that a separate exposition is necessary.
The central issue raised by this reargued appeal is whether a suspect is deprived of a right conferred by article I, § 6 of the State Constitution when the attorney he or she has *84 retained has provided incompetent and affirmatively damaging advice. The majority does not dispute that the "indelible” right to counsel attached in these circumstances under People v Skinner (52 NY2d 24, supra), in which it was held that a represented suspect has the right to the advice and assistance of his retained counsel when confronted by the police — even in a noncustodial setting. Thus, the only question that divides us is whether we should ascribe any concrete legal significance to Skinner Court’s statement that the right it was recognizing there was that "of an individual to have a competent advocate at his or her side in dealing with the State” (id,., at 29 [emphasis supplied]).
The majority suggests that the quoted language in Skinner may never have been "intended broadly to extend the right to effective legal assistance to the preaccusatory stage” (majority opn, at 79). However, Skinner involved the Arthur-HobsonCunningham branch of the right to counsel (see, People v Bing, 76 NY2d 331, 339; People v Skinner, supra, at 28-29), which only comes into play when a represented suspect has not yet been formally charged. Thus, the Court’s recognition of a right to a "competent” advocate could only have been intended to refer to "the preaccusatory stage.”
The majority also asserts that subsequent "more specific” cases make clear that the Skinner preaccusatory right does not include the right to effective counsel. But, three of the four cited cases (United States v Cronic, 466 US 648; United States v Morrison, 449 US 361; Strickland v Washington, 466 US 668) were decided under the Federal Constitution’s Sixth Amendment, which does not contemplate a preaccusatory attachment of the right to counsel at all (see, Kirby v Illinois, 406 US 682). Further, all four of the cited cases involved the specific question of defense counsel’s trial performance. It is thus not remarkable that each of the cited cases discusses the right to "meaningful representation” in terms of its relationship to " 'fair trial[s],’ ” the "adversarial system” and the " 'adversary criminal process’ ” (majority opn, at 79, 80). In light of their contexts, the judicial statements on which the majority relies have little bearing on the entirely separate and novel question presented here: the scope and effect of New York’s pretrial right to counsel.
Similarly, since the New York State right to counsel has always been deemed to be broader than its Federal counterpart, it does not aid analysis to invoke, as the majority has *85 (majority opn, at 80), the Kirby v Illinois holding that no rights under the Sixth Amendment accrue until the commencement of the criminal action (supra, at 689-690). Once again, that circumstance is irrelevant in a jurisdiction such as ours, which has long recognized the existence of substantial preaccusation rights under the State constitutional right-to-counsel guarantee.[1]
Even more fundamentally, the majority’s core rationale— that the previously recognized preaccusatory right to counsel "do[es] not implicate the same purposes and concerns as underlie the constitutional guarantee of effective assistance of counsel” (majority opn, at 81) — does not withstand close scrutiny. As the majority itself acknowledges, the purposes of the Arthur-Hobson-Cunningham branch of the right to counsel are to equalize the imbalance in the relative positions of official interrogators and their subjects and to protect the integrity of any waiver the suspect might make in the face of the State’s powerful law enforcement machinery (People v Bing, 76 NY2d 331, supra; see, People v Cunningham, supra, at 207). These aims cannot be achieved if the right to counsel can be satisfied by the presence of an attorney whose performance does not meet even minimal standards of competence. An attorney who, as here, provides such "woefully inadequate” counsel (see, People v Claudio, 59 NY2d 556, 560) as to prompt his client to make an "uninformed waiver” (People v Claudio, 85 AD2d 245, 252) certainly cannot be said to have fulfilled the goal of " '[breathing] life into the requirement that a waiver of a constitutional right must be competent, intelligent and voluntary’ ” (People v Bing, supra, at 339, quoting People v Hobson, supra, at 484).
In the final analysis, the majority cites no case which holds or even suggests that the right to the assistance of counsel at preaccusatory phases requires the presence of a licensed but not necessarily competent attorney. Indeed, no prior decision has attempted to separate the notion of a right to counsel from the notion of a right to effective representation. This dearth of authority is not surprising, since the proposition that the right to counsel can exist separate and apart from *86 the right to competent counsel is inconsistent with the " long * * * recognized’ ” maxim " 'that the right to counsel is the right to the effective assistance of counsel’ ” (United States v Cronic, supra, at 654, quoting McMann v Richardson, 397 US 759, 771, n 14). "To hold otherwise 'could convert the [right to] counsel into a sham and nothing more than a formal compliance with the Constitution’s requirement that an accused be given the assistance of counsel’ ” (United States v Cronic, supra, at 654, quoting Avery v Alabama, 308 US 444, 446).
Finally, contrary to the majority’s statements, the fact that law enforcement authorities are generally not in a position to monitor the quality of a suspect’s representation does not provide a sound rationale for accepting incompetent and even worthless legal counsel in fulfillment of a suspect’s ArthurHobson-Cunningham right. The right to counsel is a freestanding constitutional guarantee that exists separate from, and independent of, any of the constitutional proscriptions against official misconduct (see also, Strickland v Washington, supra, at 686 [noting that a defendant may be deprived of the Sixth Amendment right to effective assistance either by the actions of government or by counsel’s own actions]).[2] Thus, the fact that there has been no police impropriety in cases such as this does not in itself vitiate the theoretical merits of a claim based on the ineffectiveness of a suspect’s counsel during the preaccusatory proceedings.
Nonetheless, the absence of unlawful conduct by law enforcement authorities does have critical legal significance when considered in the context of the specific suppression remedy that this defendant seeks. As this Court has recently observed, the primary rationale for the suppression of otherwise trustworthy evidence is the value that that remedy has for deterring official misconduct (Matter of Boyd v Constantine, 81 NY2d 189, 195; see, People v Drain, 73 NY2d 107, 110; People v Harris, 72 NY2d 614, 621-622; People v Boodle, 47 NY2d 398, 404; People v McGrath, 46 NY2d 12, 21). Further, the suppression remedy is to be avoided when the deterrent benefit to be derived therefrom would be minimal (see, e.g., *87 Matter of Boyd v Constantine, supra; People v Drain, supra; People v McGrath, supra; People v Arnau, 58 NY2d 27).
Here, the constitutional "wrong” was perpetrated not by a servant of the State, but rather by a private attorney acting in his capacity as the suspect’s legal adviser. The law enforcement authorities who dealt with defendant after he surrendered himself were not in any way responsible for the woefully incompetent and injurious advice defendant’s attorney gave and had no duty to ensure that defendant’s right to the competent advice by counsel was honored (see, People v Beam, 57 NY2d 241). Indeed, the State agents who questioned defendant were not even in a position to intervene had they wished to do so, since any such intervention would have undermined the sanctity of the attorney-client relationship (see generally, People v Skinner, supra, at 29-30, citing New York State Bar Assn Code of Professional Responsibility DR 7-104 [A] [1]; ABA Code of Professional Responsibility DR 7-104 [A] [1]; People v Hobson, supra, at 484-485). Thus, there was no official impropriety and no deterrent benefit whatsoever to be gained in these circumstances. Consequently, no sound legal purpose would be served by the exclusion of the statements obtained as a result of defendant’s attorney’s substandard performance.
I recognize that it may seem somewhat anomalous to some to argue for recognition of a constitutional right on the one hand while concluding on the other that the violation of that right has no remedy in these circumstances. Despite the potential incongruity inherent in that position, I prefer it to the position the majority has adopted, which radically diminishes the preaccusation right to counsel and dilutes this Court’s traditionally steadfast commitment to "safeguarding the right of an accused to have the assistance of an attorney at every stage of the legal proceedings against him” (People v Cunningham, 49 NY2d 203, 207, supra). I continue to believe that the presence of a trained and competent attorney is "the most effective means we have of minimizing the disadvantage at which an accused is placed when * * * directly confronted with the awesome law enforcement machinery possessed by the State” (id., at 207; see, People v Settles, 46 NY2d 154, 161).[3] My conclusion that suppression is unwarranted in these cir *88 cumstances merely reflects my additional belief that the extraordinary price of excluding trustworthy and probative evidence ought not to be exacted when there is no countervailing societal benefit to be gained (cf., People v Bing, 76 NY2d 331, 348, supra).
Accordingly, I concur in the Court’s decision on reargument to affirm.
Judges Simons, Hancock, Jr., Bellacosa and Smith concur with Judge Levine; Judge Titone concurs in result in a separate opinion; Chief Judge Kaye taking no part.
On reargument, order affirmed.

. For this reason, the majority’s reason for invoking the language of article I, § 6 of the State Constitution is obscure. While it is true that the constitutional provision, literally read, creates a right to counsel only for "any trial in any court,” it cannot seriously be disputed that the provision’s guarantee, as construed by the judiciary, extends to pretrial and even preaccusatory investigative proceedings.

. Indeed, when an appellate court reverses a conviction on the ground of ineffective assistance of trial counsel, its decision is based not on any error or wrong committed by the trial court but rather on the impairment of the adversary system that occurs when the accused is not represented in accordance with at least minimal standards of professional competence (see, Strickland v Washington, supra, at 684-686).

. The Court’s opinion leaves open the possibility of an exception to its holding in the event of "most unusual circumstances” different from those present here (majority opn, at 78). However, the Court’s rationale does not suggest any analytical basis for such an exception. Additionally given the unquestionably egregious performance of defendant’s first attorney, it is *88 difficult to imagine what "unusual circumstances” the majority would recognize as a basis for affording a preaccusatory right to representation that is "effective.”