■ THE PEOPLE OF THE STATE OF NEW YORK, Respondent, v JOAQUIN SANTOS, Appellant. [608 NYS2d 645] —Judgment, Supreme Court, Bronx County (Ivan Warner, J.), rendered January 13, 1992, which convicted defendant, after a jury trial, of three counts of attempted murder in the first degree, assault in the first degree, criminal possession of a weapon in the second degree, assault in the second degree, attempted robbery in the second degree, criminal possession of a weapon in the third degree and reckless endangerment in the first degree, and sentenced him to concurrent terms of imprisonment of 15 years to life for the three attempted first degree murder convictions, 5 to 15 years for the second degree criminal possession of a weapon and first degree assault convictions and 2⅓ to 7 years for the attempted second degree robbery, second degree assault, third degree criminal possession of a

weapon and reckless endangerment convictions, unanimously affirmed.

Viewing the evidence in a light most favorable to the People, and giving them the benefit of every reasonable inference *(People v Malizia,* 62 NY2d 755, *cert denied* 469 US 932), defendant's argument that there was insufficient evidence adduced at trial to establish his guilt of attempted robbery in the second degree and attempted murder in the first degree is without merit. The evidence was sufficient to show that defendant, by attempting to distract the victims, was acting in concert with his cohorts to carry out a robbery. The convictions for attempted murder were also proven as evidence established that upon being chased by police officers, defendant turned around, assumed a combat stance and shot three rounds from his semi-automatic pistol, one round directly at each of the three police officers nearby.

Defendant's contention that he was deprived of a fair trial due to prosecutorial misconduct during summation is without merit. Viewed in its entirety, the summation does not require reversal, particularly when viewed in light of the summation delivered by defense counsel and co-defendant's counsel, which attacked the credibility of the People's witnesses. *(People v Galloway,* 54 NY2d 396.)

There is no merit to defendant's *pro se* contention that the witnesses' ability to identify defendant was tainted. While the witnesses viewed defendant's photograph in the District Attorney's Office prior to testifying at the hearing and trial, the hearing court nevertheless properly found that there was an independent source for the identification since the witnesses had ample opportunity to view defendant at close range for approximately two minutes in a well-lighted area during the attempted robbery *(People v Lloyd,* 141 AD2d 669, 670).

Nor is there merit to defendant's unpreserved *pro se* argument that the trial court should have submitted attempted assault in the second degree (Penal Law § 120.05 [1]) instead of attempted assault in the first degree (Penal Law § 120.10 [1]) as a lesser included offense of attempted murder in the first degree. A person is guilty of attempted assault in the second degree, pursuant to Penal Law § 120.05 (1), when he or she attempts to cause serious physical injury to another person. There is no reasonable view of the evidence that defendant had only committed attempted assault in the second degree but not attempted murder in the first degree.

Defendant's *pro se* claim that the court should have rein-

structed the jury on the concepts of "acting in concert" and reasonable doubt when responding to a jury note requesting, "[d]efinition of the counts, all," is without merit. Defense counsel joined in codefendant's request with respect to the "reasonable doubt" charge but did not make a similar request regarding the "in concert" charge. In any event, the claim should be rejected since the jurors never specifically requested reinstruction on the charges or indicated any confusion with them (*People v Mays,* 178 AD2d 557, *lv denied* 79 NY2d 1004; *People v Matias,* 112 AD2d 897, 898, *affd* 67 NY2d 1032).

Defendant's *pro se* claim that the court committed *per se* reversible error in failing to instruct the jury "to render a verdict separately and specifically * * * with respect to each defendant" pursuant to CPL 300.10 (4) is unpreserved. In any event, it is without merit since, viewed as a whole, the court's charge properly conveyed this principle to the jury. (*People v Coleman,* 70 NY2d 817; *People v Hatcher,* 162 AD2d 148, *lv denied* 76 NY2d 858.)

We have considered defendant's other claims and find them to be without merit. Concur—Rosenberger, J. P., Ross, Asch, Rubin and Tom, JJ.