**SALT LAKE CITY, Plaintiff and Petitioner,**

v.

**Calvin GROTEPAS, Defendant and Respondent.**

No. 940274.

Supreme Court of Utah.

Nov. 20, 1995.

891

Todd J. Godfrey, Salt Lake City, for plaintiff.

Robert B. Breeze, Salt Lake City, for defendant.

Jan Graham, Atty. Gen., Annina M. Mitchell, Asst. Atty. Gen., Salt Lake City, for amicus State.

## ON CERTIORARI TO THE UTAH COURT OF APPEALS

RUSSON, Justice:

This court granted certiorari for the narrow purpose of reviewing the court of appeals' determination that the ineffective as-

sistance of counsel test enunciated in *Strickland v. Washington*, 466 U.S. 668, 687, 104 S.Ct. 2052, 2064, 80 L.Ed.2d 674 (1984), applies to a case involving an infraction. We reverse and remand.

### FACTS

On March 23, 1993, Calvin Grotepas, a student at the Salt Lake Art Center School (the Art Center), met with the director of the Art Center and was informed that he would no longer be accepted as a student because he was disruptive and failed to conform to Art Center rules. The director attempted to give Grotepas a letter outlining the reasons for his decision and a check refunding Grotepas' tuition, but Grotepas refused to accept them. In addition, the director expressly told Grotepas that he was no longer welcome at the school.

On April 1, 1993, Grotepas attempted to enter the Art Center. He was met by security officers who informed him that if he entered the building, he would be arrested. After a brief exchange with the officers, Grotepas entered the building. He was consequently arrested and charged with criminal trespass, an infraction in violation of Salt Lake City Code § 11.36.130.

Following a trial at which he was represented by counsel, Grotepas was convicted of criminal trespass and sentenced to pay a $50 fine, which was subject to suspension upon successful completion of probation.

On appeal to the Utah Court of Appeals, Grotepas was represented by different counsel who alleged that trial counsel was ineffective. *Salt Lake City v. Grotepas*, 874 P.2d 136, 137–38 (Ct.App.), *cert. granted*, 883 P.2d 1359 (Utah 1994). The court of appeals agreed, concluding that Grotepas' counsel was ineffective under the test established in *Strickland v. Washington*, 466 U.S. 668, 687, 104 S.Ct. 2052, 2064, 80 L.Ed.2d 674 (1984).[1] *Id.* at 140. As a result, the court of appeals reversed and remanded the case. *Id.*

Salt Lake City subsequently petitioned this court for a writ of certiorari, which we

---

1. Because the court of appeals resolved the case on the basis of *Strickland,* it did not address Grotepas' further claim that the trial court committed "plain error" by failing to acquit him. *Grotepas,* 874 P.2d at 137, n. 1.

granted for the purpose of reviewing the court of appeals' application of the *Strickland* test to Grotepas' ineffective assistance of counsel claim.

## ANALYSIS

■ On certiorari, Salt Lake City argues that the court of appeals erred in applying the *Strickland* test to Grotepas' ineffective assistance of counsel claim. It asserts that since there is no right to counsel in an infraction case because there is no possibility of imprisonment, *see* Utah Code Ann. § 76–3–205(1),[2] the court of appeals erred in granting Grotepas a new trial on the ground that his counsel was ineffective. Grotepas responds that the court of appeals correctly determined that the *Strickland* test applies in this case and, thus, we should affirm the court of appeals' decision.

■ The Sixth Amendment to the United States Constitution provides, "In all criminal prosecutions, the accused shall enjoy the right to ... have the Assistance of counsel for his defense." U.S. Const. amend. VI. With respect to this right, "[i]t has long been recognized that the right to counsel is the right to the effective assistance of counsel." *McMann v. Richardson*, 397 U.S. 759, 771 n. 14, 90 S.Ct. 1441, 1449 n. 14, 25 L.Ed.2d 763 (1970). Thus, in *Strickland v. Washington*, 466 U.S. 668, 104 S.Ct. 2052, 80 L.Ed.2d 674 (1984), the Supreme Court set forth the following test to establish an ineffectiveness of counsel claim: First, the defendant must show that counsel's performance fell below an objective standard of reasonableness, *id.* at 688, 104 S.Ct. at 2064, and second, the defendant must demonstrate that counsel's deficient performance prejudiced the defendant. *Id.* at 691–92, 104 S.Ct. at 2066–2067.

■ However, the United States Supreme Court has acknowledged that the right to counsel provided for by the Sixth Amendment is not absolute but that "decided cases [have] departed from the literal meaning of the Sixth Amendment." *Scott v. Illinois*, 440 U.S. 367, 372, 99 S.Ct. 1158, 1161, 59 L.Ed.2d

383 (1979). In keeping with this principle, other courts have held that while the right to counsel is a fundamental right, such right is not absolute. *See, e.g., In re Stoner*, 507 F.Supp. 490, 495 (N.D.Ga.1981). Rather, application of this right must yield to the fair and orderly administration of justice. *Id.* Put differently, the right to counsel guaranteed by the Sixth Amendment in all criminal cases must be qualified by practical exigencies. *Brinson v. Florida*, 273 F.Supp. 840, 846–47 (S.D.Fla.1967); *see also United States v. Dardi*, 330 F.2d 316, 335 (2d Cir.) (holding that exercise of right to counsel must be subject to necessities of sound judicial administration), *cert. denied*, 379 U.S. 845, 85 S.Ct. 50, 51, 13 L.Ed.2d 50 (1964); *accord Creighton v. North Carolina*, 257 F.Supp. 806, 809 (E.D.N.C.1966) (same).

The parties have not cited, and we have been unable to find, any case "on all fours" with the present case. However, two strikingly similar cases do provide some guidance. In *Edwards v. City of Conway*, 300 Ark. 135, 777 S.W.2d 583, 584 n. 2 (1989), the Arkansas Supreme Court held that criminal defendants do not have a constitutional right to effective counsel in cases involving petty offenses. Similarly, in *City of New Orleans v. Cook*, 249 La. 820, 191 So.2d 634, 638 (1966), the Louisiana Supreme Court held that an ineffectively represented criminal defendant is not deprived of any constitutional rights where he was merely charged with violation of a municipal ordinance.

The Fifth Circuit Court of Appeals has held that only persons charged with serious criminal offenses have a right under the Sixth Amendment to the assistance of counsel in their defense. *Shepherd v. Jordan*, 425 F.2d 1174, 1176 (5th Cir.1970). "[T]he Sixth Amendment speaks to all criminal prosecutions, *saving petty offenses* which have been court-excepted from its stricture." *Id.* (emphasis added). "[T]he sixth amendment does not ensure an unlimited right to counsel in all criminal cases." *United States v. Eckford*, 910 F.2d 216, 218 (5th Cir.1990). "If a criminal defendant were guaranteed

---

**2.** Utah Code Ann. § 76–3–205(1) provides, "A person convicted of an infraction may not be   imprisoned."

counsel in comparatively insignificant criminal prosecutions that did not pose the possibility of imprisonment, the already overburdened criminal justice system would face crippling costs, congestion and confusion." *Id.* (citing *Scott*, 440 U.S. at 373, 99 S.Ct. at 1162).

■ We find that in infraction cases such as the one before us, the approach taken by the Fifth Circuit is persuasive. Under the Fifth Circuit approach, privately retained counsel will be adjudged to be ineffective under the Sixth Amendment to the United States Constitution only if "it is 'shown that some responsible state official connected with the criminal proceeding ... could have remedied the conduct [and] failed in his duty to accord justice to the accused.'" *Gandy v. Alabama,* 569 F.2d 1318, 1321 (5th Cir.1978) (quoting *Fitzgerald v. Estelle,* 505 F.2d 1334, 1337 (5th Cir.) (en banc), *cert. denied,* 422 U.S. 1011, 95 S.Ct. 2636, 45 L.Ed.2d 675 (1975)). In the present case, Grotepas has not alleged, much less shown, that any responsible state official connected with his infraction trial could have remedied his counsel's error and should have done so to afford him justice. Moreover, Grotepas was not sentenced to a term of imprisonment, nor did he even face the possibility of imprisonment. *See* Utah Code Ann. § 76–3–205(1). Accordingly, we conclude that Grotepas' Sixth Amendment rights were not implicated in the present case.

■ Furthermore, the right to effective assistance of counsel is dependent on the right to counsel itself. *Shipley v. State,* 570 A.2d 1159, 1166 (Del.1990) (citing *Wainwright v. Torna,* 455 U.S. 586, 587–88, 102 S.Ct. 1300, 1301–02, 71 L.Ed.2d 475 (1982) (per curiam)). "The right to effective assistance of counsel can be no broader than the right to counsel on which it is based." *People v. Claudio,* 59 N.Y.2d 556, 466 N.Y.S.2d 271, 273 n. 3, 453 N.E.2d 500, 502 n. 3 (1983); *accord Rachlin v. United States,* 723 F.2d 1373, 1378 (8th Cir.1983); *United States v. Zazzara,* 626 F.2d 135, 138 (9th Cir.1980); *Brown v. United States,* 551 F.2d 619, 620 (5th Cir.1977) (per curiam); *Commonwealth v. Jones,* 403 Mass. 279, 526 N.E.2d 1288, 1292 (1988). Thus, "[w]here there is no right

to counsel, there is no right to effective assistance of counsel." *In re Jackson,* 243 Ill. App.3d 631, 183 Ill.Dec. 708, 726, 611 N.E.2d 1356, 1374 (1993). Accordingly, because Grotepas' Sixth Amendment rights were not implicated in this matter, the court of appeals erred in concluding that Grotepas could bring an ineffectiveness of counsel claim.

In addition, the concerns underlying the creation of the *Strickland* test for ineffective counsel are clearly not present in the case before us. The *Strickland* analysis stems from the need to protect the rights guaranteed under the Sixth Amendment to those who cannot afford an attorney. The *Strickland* test was designed to ensure that all indigent defendants who may be sentenced to a term of imprisonment receive the same right to effective counsel as those who can afford to hire their own attorney. *See Strickland,* 466 U.S. at 685, 104 S.Ct. at 2063.

In the present case, all parties concede that Grotepas did not have a right to have an attorney appointed for him in an infraction proceeding. Moreover, as noted above, he was not sentenced to, or even subject to, a term of imprisonment. Thus, allowing Grotepas to raise his ineffectiveness claim after hiring his own attorney would have exactly the opposite effect that *Strickland* set out to accomplish: It would grant rights to those who can afford to hire their own attorneys in infraction proceedings, while denying those same rights to those who cannot afford to hire counsel in such proceedings. Such a result would be, at the very least, incongruous, if not unconstitutional.

Numerous policy concerns related to this issue also support our conclusion. As one court has noted:

> From a pragmatic point of view, courts cannot help but struggle to find some rational, fair line beyond which the absolute right to counsel becomes merely a privilege to be provided in the sound discretion of the trial judge. Although the administration of criminal justice is cloaked in abstract principles, these principles are seriously jeopardized if the system breaks down under the sheer weight of the demands which it imposes.

*Wall v. Purdy,* 321 F.Supp. 367, 369 (S.D.Fla.1971), *vacated,* 465 F.2d 933 (5th Cir.1972). Put differently, "it must be recognized that the right to counsel is not an end in itself, but a means for achieving the most perfect justice possible in a given situation, which requires the striking of a balance between an ideal situation and what is humanly possible to achieve." *Cableton v. State,* 243 Ark. 351, 420 S.W.2d 534, 538 (1967).

For instance, because indigents are not entitled to appointed counsel in infraction cases, a rule allowing those who can afford to hire an attorney for infraction proceedings to bring ineffectiveness of counsel claims while not permitting others to do so would create serious equal protection problems. Furthermore, there is the practical concern that a ruling supporting a defendant's right to bring an ineffectiveness claim against retained counsel in an infraction case would likely open the floodgates to new grounds for appeals in infraction cases, creating an additional burden on our already burgeoning justice system. Thus, we hold that inasmuch as an indigent defendant would have no right to insist that a lawyer be provided for him in similar circumstances, Grotepas should not be rewarded with an ineffectiveness of counsel claim merely because he chose to retain a lawyer who he now claims was inadequate. *See Brown v. United States,* 551 F.2d 619, 620 (5th Cir.1977) (per curiam) (holding that "[i]f a defendant elects to retain private counsel at a point when counsel is not constitutionally guaranteed, and that private counsel is ineffective or 'betrays' the defendant, the defendant cannot allege that his Sixth Amendment rights have been infringed upon"); *Claudio,* 59 N.Y.2d 556, 466 N.Y.S.2d at 273–74, 453 N.E.2d at 502–04 (holding that ineffectiveness of retained counsel for a defendant who is not entitled to counsel does not violate Sixth Amendment). Accordingly, we conclude that Grotepas is not entitled to bring this ineffectiveness of counsel claim in the circumstances present in this infraction case.

## CONCLUSION

We conclude that because Grotepas' Sixth Amendment rights were not implicated in this matter, which involved an infraction with no possibility of imprisonment, the court of appeals incorrectly concluded that the *Strickland* test was applicable to the present case. Accordingly, its decision is reversed, and the matter is remanded to the court of appeals for further proceedings consistent with this opinion.

ZIMMERMAN, C.J., and HOWE and DURHAM, JJ., concur.

STEWART, Associate C.J., concurs in the result.