■ THE PEOPLE OF THE STATE OF NEW YORK, Respondent, v JERMAINE MANLEY, Appellant. [642 NYS2d 232] —Judgment, Supreme Court, New York County (Bruce Allen, J.), rendered August 25, 1993, convicting defendant, after a jury trial, of murder in the second degree, criminal possession of a weapon in the second degree and criminal possession of a weapon in the third degree, and sentencing him to concurrent terms of 22 years to life, 5 to 15 years and $2^1/3$ to 7 years, respectively, unanimously affirmed.

To the extent that defendant's challenges to the prosecutor's summation are preserved, the summation was an appropriate response to that delivered by defense counsel, which, because of repeated personal attacks on the prosecutor and other inappropriate arguments, prompted the court to give the prosecutor "a good deal of leeway in responding" (see, People v Santos, 202 AD2d 258, 259, lv denied 83 NY2d 1007). To the extent that defendant's challenges to the summation are unpreserved, they do not warrant review in the interest of justice. There is no merit to defendant's claim that the court should have reinstructed the jury on his defense of extreme emotional disturbance to the intentional murder charge in response to a jury request that, after being carefully clarified by the court, sought only an explanation of the difference between intentional murder and depraved indifference murder (see, People v Allen, 69 NY2d 915; People v Nieves, 205 AD2d 173, 185, lv granted 85 NY2d 941). Nor is there merit to defendant's claim that he was denied due process and his right to a unanimous jury verdict by the court's refusal to poll the jury as to its verdict with respect to manslaughter in the first degree, since the jury did not render any verdict on the manslaughter charge, having

implicitly rejected defendant's affirmative defense. Polling is required only "[a]fter a verdict has been rendered" (CPL 310.80). We have considered defendant's other claims, including that his sentence is excessive, and find them to be without merit. Concur—Sullivan, J. P., Ellerin, Ross, Nardelli and Williams, JJ.