■ THE PEOPLE OF THE STATE OF NEW YORK, Respondent, v CARLOS MYERS, Appellant. [826 NYS2d 284]—

Appeal by the defendant from a judgment of the Supreme Court, Kings County (Hall, J.), rendered March 19, 2004, convicting him of rape in the first degree (two counts), sodomy in the first degree (three counts), and sexual abuse in the first degree (two counts), upon a jury verdict, and imposing sentence.

Ordered that the judgment is affirmed.

The defendant's claim that the Supreme Court erred in failing to instruct the jury that it had to separately consider the charges and render separate verdicts is not preserved for appellate review (*see* CPL 470.05 [2]; *People v Gray*, 86 NY2d 10 [1995]). In any event, the claim is without merit, as the Supreme Court properly charged the jury as to each count and the verdict sheet was noted accordingly (*see People v Johnson*, 87 NY2d 357, 360 [1996]). Furthermore, a review of the record and the verdicts returned establishes that the jury considered each charge separately (*see People v Santos*, 202 AD2d 258 [1994]; *People v Hatcher*, 162 AD2d 148, 149 [1990]; *People v Johnson*, 130 AD2d 804 [1987]).

The defendant's claim that his adjudication as a persistent vi-

olent felony offender violated his right to a jury trial is unpreserved for appellate review (*see People v Highsmith*, 21 AD3d 1037 [2005]; *People v Rice*, 285 AD2d 617 [2001]). In any event, as the defendant's sentence was enhanced solely based upon his recidivism (*see* Penal Law § 70.08 [1] [a]), he was not entitled to a jury trial to determine the facts of his prior felony convictions (*see People v Horn*, 7 AD3d 638 [2004]; *People v Telesford*, 2 AD3d 757, 758 [2003]).

The defendant's contention raised in his supplemental pro se brief that his due process rights were violated by the People's preindictment and postindictment delay is unpreserved for appellate review (*see People v Champelle*, 144 AD2d 378 [1988]). In any event, the contention is without merit (*see People v Brown*, 262 AD2d 419 [1999]; *People v Rosado*, 166 AD2d 544 [1990]). Florio, J.P., Krausman, Luciano and Skelos, JJ., concur.