■ The People of the State of New York, Respondent, v Michael Dell'Aera, Appellant. [923 NYS2d 854]—

Appeal by the defendant from a judgment of the County Court, Nassau County (Honorof, J.), rendered April 14, 2010, convicting him of robbery in the second degree, robbery in the third degree, and petit larceny, upon a jury verdict, and imposing sentence.

Ordered that the judgment is affirmed.

The defendant's challenge to the County Court's jury charge regarding intent is without merit (*see* CJI2d[NY] Culpable Mental States—Intent). The County Court was not required to provide the charge in the precise language requested by the defendant (*see People v Samuels*, 99 NY2d 20, 25-26 [2002]; *People v Dory*, 59 NY2d 121, 129 [1983]; *People v Maldonado*, 127 AD2d 855 [1987]; *People v Compitiello*, 118 AD2d 720 [1986]). Where, as here, the Trial Judge sufficiently explained all the applicable legal principles to the jury, he was not bound to use the specific language requested (*see People v Maldonado*, 127 AD2d at 855; *People v Dory*, 59 NY2d at 129). Furthermore, the County Court's charge did not alter the People's theory as presented in the indictment or the facts as presented at trial (*see People v Charles*, 61 NY2d 321, 326-329 [1984]; *People v Kaminski*, 58 NY2d 886, 887 [1983]; *People v Faber*, 64 AD3d 788 [2009]; *People v Jean*, 146 AD2d 803, 804 [1989], *affd* 75 NY2d 744 [1989]).

The defendant's remaining challenge to the adequacy of the County Court's response to a jury note requesting clarification of the concept of reasonable doubt is unpreserved for appellate review (*see* CPL 470.05 [2]; *People v Romero*, 71 AD3d 795, 796 [2010]), and, in any event, is without merit (*see People v Malloy*, 55 NY2d 296, 303 [1982], *cert denied* 459 US 847 [1982]; *People v Steinberg*, 79 NY2d 673, 684 [1992]; *People v Chase*, 225 AD2d 789, 790 [1996]; *People v Walton*, 220 AD2d 548 [1995]). Covello, J.P., Eng, Chambers and Miller, JJ., concur.